Geoffrey C. Chackel, Esq., OSB# 155727
geoff@chackellaw.com
CHACKEL LAW, PC
11440 W. Bernardo Court, Suite 300
San Diego, CA  92127
Tel: 619.567.2454
Fax: 619.452.1212

Attorney for Defendant and
Third-Party Plaintiff Combined Communications, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES FORTUNE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>　　　　Defendant. | Case No: 6:19-cv-01236-MC<br><br>**THIRD-PARTY COMPLAINT OF COMBINED COMMUNICATIONS, INC., AGAINST THIRD-PARTY DEFENDANT TRITON DIGITAL, INC.**<br><br>**DEMAND FOR JURY TRIAL** |
| COMBINED COMMUNICATIONS, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>TRITON DIGITAL, INC., a Delaware corporation,<br><br>　　　　Third-Party Defendant. | |

THIRD-PARTY COMPLAINT                                                                                      1

Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendant / Third-Party Plaintiff COMBINED COMMUNICATIONS, INC. hereby alleges against Third-Party Defendant TRITON DIGITAL, INC. as follows:

## PARTIES

1.

Third-Party Plaintiff COMBINED COMMUNICATIONS, INC. ("CCI") is an Oregon corporation with its principal place of business in Deschutes County, Oregon and is duly authorized to conduct business within the State of Oregon.

2.

Third-Party Defendant Triton Digital, Inc. ("Triton"), is a Delaware corporation with its principal place of business in Los Angeles, California and that, at all times alleged herein, was doing business as "Triton Digital" within the State of Oregon, among other locations, and did in fact engage in business within the State of Oregon, County of Deschutes.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over CCI's third-party claims for contractual indemnification and breach of contract pursuant to 28 U.S.C. § 1332 because Triton is diverse in citizenship from CCI and more than $75,000, exclusive of interest and costs, is in controversy because Plaintiff James Fortune seeks in excess of $75,000, exclusive of interest and costs, from CCI. This Court also has supplemental jurisdiction over CCI's third-party claims pursuant to 28 U.S.C. § 1367(a) because the claims are based on the same nucleus of operative facts as Plaintiff's complaint against Defendant and Third-Party Plaintiff CCI, and because Third-Party Defendant Triton is or may be liable to it for all or part of Plaintiff's claims against CCI.

4.

Venue is proper in this District because the underlying Complaint against Defendant and Third-Party Plaintiff CCI is pending in this District and because the alleged acts and omissions at issue occurred in this District.

THIRD-PARTY COMPLAINT                                                                                              2

## STATEMENT OF FACTS

5.

CCI is a duly licensed broadcast radio station that operates a news and talk radio station known as "KBND FM 100.1 / AM 1110" in Bend, Oregon. As part of its news broadcast operation, CCI owns a website known as www.kbnd.com on which it streams its radio broadcasts and posts other content including local, regional and national news.

6.

On or about March 11, 2010, CCI and Third-Party Defendant Triton entered a Webwise Station Affiliation Agreement (the "Agreement") wherein Triton agreed to provide the "Webwise for Radio Service" (the "Service") for KBND AM in exchange for certain consideration. A true and correct copy of the Agreement is attached hereto as Exhibit "A."

7.

The Service provided by Triton consisted of website hosting and build-out along with audio and visual web content provided to CCI on www.kbnd.com.  The Agreement states that Triton will provide the Service to CCI through a Third-Party known as "Envisionwise" and that Triton is responsible for providing the Service including all content provided through the Service. CCI exercised no control, review or approval of content provided by Triton through the Service and the Agreement has remained in effect since 2010. The Agreement requires Triton to provide the Service in a legal manner and that does not provide content that infringes on the rights of third parties.

8.

Paragraph 13 of the Agreement provides "[e]ach party agrees to indemnify the other against liability for any rights infringement related to content provided by the other party." In addition, Paragraph 14 requires Triton to defend and indemnify CCI for any "expenses, liability, damages or losses caused by Triton, its officers directors, employees, or agents, including reasonable attorney's fees and costs which result from any breach of Triton's obligation hereunder. . . ."

9.

During the term of the Agreement, Triton provided content to CCI within their Service known as "Viral Videos," which consisted of Triton posting content on the Service that had gone "viral" on the internet. Again, CCI had no ability to (and did not) review or approve any of the content provided by Triton or its affiliates in this regard and Triton exercised control over, and was responsible for, the content contained in the Viral Videos portion of the Service.

10.

On or about August 8, 2019, Plaintiff James Fortune filed a lawsuit against CCI for alleged Copyright Infringement pursuant to 17 U.S.C. section 101, *et seq* (the "Complaint"). The Complaint alleges CCI's station, KBND, posted a single infringing photograph on its website www.kbnd.com of singer Robert Plant holding a dove. In support of this allegation, Plaintiff attached Exhibit B to his Complaint, which consists of an apparent screenshot of the infringing material cited by Plaintiff posted as a "Viral Video" on www.kbnd.com, which if true, is content posted solely by, and the responsibility of, Triton.

11.

CCI did not post the allegedly infringing material on its website, www.kbnd.com. CCI does not independently provide or post any content in the "Viral Videos" section of the Service as that is the sole responsibility of Triton or its affiliates. Accordingly, the Complaint (if proven to be true under applicable law) qualifies as a claim of "infringement related to content provided by the other party" under Paragraph 13 of the Agreement and which is therefore the proper subject of Triton's defense and indemnification obligations owed to CCI under both Paragraph 13 and Paragraph 14 of the Agreement.

12.

On or about August 22, 2019, CCI issued a demand to Triton that it defend and indemnify CCI from any and all claims, demands, liability, costs, expenses and attorneys' fees arising out of or relating to the Complaint. Triton has rejected CCI's demands and breached its

obligations under the Agreement resulting in damage to CCI including the expenditure of attorneys' fees and costs defending the Complaint.

## FIRST CLAIM FOR RELIF

### (Contractual Indemnification)

### (By CCI Against Third-Party Defendant Triton)

13.

Third-Party Plaintiff CCI re-alleges and incorporates by reference paragraphs 1 through 12 of this Third-Party Complaint as if fully set forth herein.

14.

As alleged above, CCI and Triton entered an Agreement wherein Triton agreed to provide the Service to CCI, which at various times included certain web content posted by Triton on www.kbnd.com known as "Viral Videos."

15.

Paragraph 13 of the Agreement provides "[e]ach party agrees to indemnify the other against liability for any rights infringement related to content provided by the other party." Paragraph 14 requires Triton to defend and indemnify CCI for any "expenses, liability, damages or losses caused by Triton, its officers directors, employees, or agents, including reasonable attorney's fees and costs which result from any breach of Triton's obligation hereunder. . . ."

16.

As alleged above, Plaintiff James Fortune has filed a Complaint in this matter alleging that CCI posted a photograph in a "Viral Videos" portion of its website that infringed on Plaintiff's alleged copyright in this material. CCI did not post this material or otherwise approve its posting and Third-Party Defendant Triton is solely responsible for the content contained in its "Viral Videos" section of the Service posted by Triton on www.kbnd.com.

17.

Defendant and Third-Party Plaintiff CCI has demanded that Triton defend and indemnity it from Plaintiff's claims in this matter pursuant to Paragraphs 13 and 14 of the Agreement, but

Triton has failed and refused to accept CCI's demands despite having a legal duty to do so.

18.

If Defendant and Third-Party Plaintiff CCI is held liable and responsible to Plaintiff Fortune for damages and attorneys' fees and costs as alleged in the Complaint, it will be due to the conduct of Third-Party Defendant Triton as alleged herein. Therefore, Defendant and Third-Party Plaintiff CCI is entitled to be indemnified by Third-Party Defendant Triton from any and all loss, damage and liability incurred to Plaintiff Fortune, including for all attorneys' fees and costs incurred by CCI defending the Complaint.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)
### (By CCI Against Third-Party Defendant Triton)

19.

Third-Party Plaintiff CCI re-alleges and incorporates by reference paragraphs 1 through 18 of this Third-Party Complaint as if fully set forth herein.

20.

As alleged above, CCI and Triton entered an Agreement that required Triton to provide web content through its Service that did not infringe upon the copyrights of third parties. Paragraphs 13 and 14 of the Agreement also requires Triton to defend and indemnify CCI from any and all claims for damages (including attorneys' fees) arising out of content provided by Triton through its Service that allegedly or actually infringes on the rights of third parties, including copyrights held by third parties. The Agreement was supported by valid consideration and was in effect at all times alleged herein.

21.

Based upon the allegations of Plaintiff James Fortune, including Exhibit B to the Complaint showing an allegedly infringing image being posted on a "Viral Videos" section of Triton's service, if such allegations are deemed to be true under applicable law, then Triton has breached its obligations under the Agreement to provide content through its Service that does not

infringe upon the copyright of third parties and likewise breached the Agreement's provisions requiring Triton to defend and indemnify CCI from any such claims of infringement brought by third parties such as Plaintiff James Fortune.

22.

CCI has suffered damages as a direct and proximate result of Triton's breach of the Agreement including attorneys' fees and expenses defending the Complaint filed by Plaintiff James Fortune and seeks to recover such damages, with pre-judgement interest, according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff CCI demands the following:

1. That Third-Party Defendant Triton be ordered to fully defend and indemnify Third-Party Plaintiff CCI for any and all amounts paid to, and/or judgments entered in favor of, Plaintiff James Fortune as a result of the Complaint including amounts for damages, penalties, attorneys' fees and litigation costs and expenses;

2. That Third-Party Defendant Triton be ordered to fully pay for all costs and expenses incurred by Third-Party Plaintiff CCI defending, arising out of and relating to the Complaint of Plaintiff James Fortune including attorneys' fees, litigation expenses and any costs or expenses arising out of or relating to the Complaint;

3. That Third-Party Plaintiff CCI recover its costs of suit incurred herein as well as attorneys' fees to the extent permitted by contract or law; and

4. That CCI be awarded such other and further relief as the Court deems just and equitable.

Dated: October 17, 2019                     CHACKEL LAW, PC

                                            s/ Geoffrey C. Chackel
                                            GEOFFREY C. CHACKEL, Esq. OSB# 155727
                                            Attorney for Third-Party Plaintiff Combined
                                            Communications, Inc.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

Dated: October 17, 2019                          CHACKEL LAW, PC

                                         s/ Geoffrey C. Chackel
                                         GEOFFREY C. CHACKEL, Esq. OSB# 155727
                                         Attorney for Third-Party Plaintiff Combined
                                         Communications, Inc.

CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2019, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Oregon, via the CM/ECF system.  Participants in this case who are registered CM/ECF users will served by the CM/ECF system.

Dated October 17, 2019.

                                                 CHACKEL LAW, PC

                                                 s/ Geoffrey C. Chackel
                                                 GEOFFREY C. CHACKEL, Esq. OSB# 155727
                                                 Attorney for Third-Party Plaintiff Combined
                                                 Communications, Inc.