Stephanie E. L. McCleery, OSB #115834
Email: stephanie.mccleery@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 228-3200\Fax: (503) 248-9085

Stewart N. Mesher (*pro hac vice* admission pending)
Email: stewart.mesher@klgates.com
Darlene F. Ghavimi (*pro hac vice* admission pending)
Email: darlene.ghavimi@klgates.com
K&L GATES LLP
2801 Via Fortuna, Suite 350
Austin, TX 78746
Tel.: (512) 482-6800\Fax: (512) 482-6859

Attorneys for Triton Digital, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JAMES FORTUNE,<br><br>    Plaintiff,<br><br>  v.<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 6:19-cv-01236-MC<br><br><br>**TRITON DIGITAL, INC.'S MOTION TO DISMISS COMBINED COMMUNICATIONS, INC.'S THIRD-PARTY COMPLAINT** |
| COMBINED COMMUNICATIONS, INC.,<br><br>    Third-Party Plaintiff,<br><br>  v.<br><br>TRITON DIGITAL, INC., a Delaware corporation,<br><br>    Third-Party Defendant. | **ORAL ARGUMENT REQUESTED** |

502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

## TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ................................................................................................ 1

II. STATEMENT OF FACTS ..................................................................................................... 2

III. LEGAL STANDARD ............................................................................................................ 4

IV. ANALYSIS ............................................................................................................................ 5

   A.  The Third-Party Complaint Fails to State a Claim for Indemnification and Breach. .......... 5

   B.  The Agreement Provides for Exclusive Jurisdiction and Venue in New York. .................. 6

V. CONCLUSION ....................................................................................................................... 7

PAGE i
502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................................4

*Bell Atlantic Corp.* v. *Twombly*,
  550 U.S. 544 (2007) ...................................................................................................................4

*Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972) .......................................................................................................................6

*Caruth v. Int'l Psychoanalytical Ass'n*,
  59 F.3d 126 (9th Cir. 1995) .......................................................................................................5

*Dole Food, Inc. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ...................................................................................................4

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
  328 F.3d 1122 (9th Cir. 2003) ...................................................................................................4

*Richards v. Lloyd's of London*,
  135 F.3d 1289 (9th Cir. 1998) ...................................................................................................6

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .....................................................................................................4

*Sheasly v. Orr Felt Co.*,
  No. 10-956-PK, 2010 WL 4273230 (D. Or. Oct. 25, 2010) ......................................................6

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ...................................................................................................4

*Wood v. Santa Barbara Chamber of Commerce, Inc.*,
  705 F.2d 1515 (9th Cir. 1983) ...................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(b)(2), 12(b)(3) ...............................................................................................1, 4

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................1, 4

PAGE ii
502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97258
TELEPHONE: (503) 228-3200

**L.R. 7-1 COMPLIANCE**

Pursuant to L.R. 7-1, counsel for third-party defendant Triton Digital, Inc. ("Triton") certifies that the parties made a good-faith effort to resolve the dispute by conferring by telephone, but have been unable to resolve it.

**MOTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), Triton respectfully moves to dismiss the Third-Party Complaint filed by Combined Communications, Inc. ("CCI") for failure to state a claim, lack of personal jurisdiction, and improper venue. This Motion is supported by the accompanying memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     SUMMARY OF ARGUMENT**

The Court should dismiss all claims against Triton for the following reasons:

First, CCI has failed to provide any factual support for its conclusory allegation that Triton is liable for indemnification under the Webwise Station Affiliate Agreement between Triton and CCI. *See* Ex. A to the Third-Party Complaint, Dkt. 13-1 (hereinafter "Agreement"). CCI has alleged no facts that demonstrate it was Triton who provided the "viral video" content that is allegedly infringing. In fact, the Agreement explicitly excludes Triton from providing audio and video streaming services under the contract. But, even had Triton provided the allegedly infringing content - which it disputes - the Third-Party Complaint fails to identify the date the allegedly infringing content was posted, making it impossible to determine who posted the content because Triton sold the business related to the Agreement on May 10, 2019.

Second, CCI's claim of breach of the Agreement fails because CCI's allegation of breach is based on conduct that is explicitly excluded by the contract. Triton cannot breach an obligation it never had.

Finally, the Agreement is clear that jurisdiction and venue lie in exclusively in New York. Under Paragraph 18 of the Agreement, the federal or state courts of New York County in the State of New York have exclusive jurisdiction over any disputes pertaining to the Agreement, and both parties consented to personal jurisdiction and venue in those courts.

## II.    STATEMENT OF FACTS

On August 7, 2019, Plaintiff James Fortune filed a copyright infringement complaint against CCI. Dkt. 1. The Complaint alleged that CCI's website, www.kbnd.com, posted Plaintiff's copyrighted content without authorization. Dkt. 1, ¶¶ 9-10. The allegedly infringing content was a photograph of Robert Plant that purportedly appeared on a section of the website called "viral videos." *Id*., Exhibit B.

On October 3, 2019, CCI filed an Answer to the Complaint denying responsibility for posting the allegedly infringing content. Dkt. 12, ¶¶ 10-11. On October 17, 2019, CCI filed a Third-Party Complaint against Triton, alleging that it was Triton who posted the allegedly infringing content, and therefore further alleging that Triton is contractually obligated to indemnify CCI. CCI also claims that Triton has refused to indemnify CCI, and that Triton's refusal constitutes a breach of its obligations under the Agreement. Dkt. 13. CCI attached a copy of the Agreement as Exhibit A to the Third-Party Complaint, Dkt. 13-1.

On its face, the terms of the Agreement contradict CCI's assertion that Triton provided the allegedly infringing content, and thus contradicts CCI's claim of indemnification, breach, and

PAGE 2 – TRITON DIGITAL, INC.'S MOTION TO DISMISS
COMBINED COMMUNICATIONS, INC.'S THIRD-PARTY
COMPLAINT
502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

jurisdiction. Section 1 and the Service Schedule of the Agreement are clear that Triton is not providing audio or visual streaming under the Agreement.

> Station will be supported by the WebWise for Radio Service (the "Service") that consists of the following service components: <u>(a) website design, navigation and build-out (b) website hosting (c) use of proprietary software for site updating and maintenance (d) certain support services for Station.</u> These service components are defined in Service Schedule annexed hereto and made a part of this Agreement...

Dkt. 13-1, p. 1 (emphasis added). The Service Schedule referred to in Section 1 explains the specific details of the website design, updates, training, website hosting, email support, and domain registration services provided. Dkt. 13-1, pp. 4-5. Notably, the Service Schedule contains an Exclusions section:

> Excluded from this Agreement is any additional custom design, logo design and custom software development work, which can generally be made available to Station at the Envisionwise hourly rate of $150. Also excluded is (a) ftp access for station, (b) audio or video streaming, and (c) audio and video storage/hosting in excess of 25 mgs.

*Id.* at p.5.

Under Sections 13 and 14 of the Agreement, CCI - "Station" in the Agreement - is responsible for obtaining all necessary rights for content provided by third parties:

> Station retains all rights to content it supplies for web pages unless rights are held by third parties, in which case, <u>Station is responsible for obtaining all necessary rights for Station's use</u>. Each party agrees to indemnify the other against liability for any rights infringement related to content provided by the other party.

Dkt. 13-1, Section 13, p. 2 (emphasis added).

> Triton shall defend, indemnify and hold Station harmless for any expenses, liability, damages or losses <u>caused by Triton</u>, its officers, directors, employees, or agents, including reasonable attorney's fees and costs <u>which result from any breach of Triton's obligation hereunder</u>, except that in no event shall Triton be liable for loss of revenues, loss of profits, incidental or consequential damages arising there from.

*Id.*, Section 14, p. 2 (emphasis added).

PAGE 3 – TRITON DIGITAL, INC.'S MOTION TO DISMISS COMBINED COMMUNICATIONS, INC.'S THIRD-PARTY COMPLAINT
502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

Finally, under Section 18 of the Agreement, the parties agreed that the State or Federal courts of New York County would have exclusive jurisdiction for any disputes related to the Agreement:.

> This Agreement shall be deemed to have been made in the State of New York and its validity, construction, performance and breach shall be governed by the laws of the State of New York applicable to Agreements made and to be wholly performed therein. The <u>parties agree to submit to the jurisdiction of the Federal or State courts located in New York County in any action which may arise out of this Agreement and said courts shall have exclusive jurisdiction over all disputes pertaining to this Agreement and all matters related thereto</u>.

Dkt. 13-1, Section 18, p. 2 (emphasis added).

### III.  LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. Although a court must accept a plaintiff's *factual,* non-conclusory allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555).

On a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3), the plaintiff bears the burden of demonstrating a *prima facie* case that the court's exercise of jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 809 (9th Cir. 2004); *see also Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). A *prima facie* case means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d

PAGE 4 – TRITON DIGITAL, INC.'S MOTION TO DISMISS COMBINED COMMUNICATIONS, INC.'S THIRD-PARTY COMPLAINT

502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

1122, 1129 (9th Cir. 2003); *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995).

## IV. ANALYSIS

### A. The Third-Party Complaint Fails to State a Claim for Indemnification and Breach.

CCI's Third-Party Complaint fails to state a claim for indemnification and breach against Triton because CCI relies on the unsupported assertion that it was Triton who provided the allegedly infringing content to the website, www.kbnd.com.[1] CCI has no evidence that Triton supplied the content. CCI's reasoning is circular: CCI argues that since CCI allegedly did not provide the content, Triton must have provided the content. CCI's allegations are purely conclusory, have no factual support, and are contradicted by the plain terms of the parties' Agreement.

The plain terms of the Agreement directly contradict CCI's allegations. Section 1 of the Agreement states that Triton will provide website design, hosting, and support services for CCI, not content. Agreement, Dkt. 13-1, Section 1, p.1. But more importantly, the provision of audio or video streaming content is specifically excluded from Triton's services under the Agreement. *Id.*, p. 5. Section 13 requires CCI, not Triton, to obtain applicable rights to content provided by third parties. *Id.*, Section 13, p. 2. Section 14 requires Triton to indemnify CCI for any breach of *Triton's obligations*. *Id.*, Section 14, p. 2.

CCI has no evidence that Triton provided the allegedly infringing content -- under the parties' Agreement, or otherwise. Notably, Triton had no obligation to provide content or obtain rights from third parties for content. Because CCI's claims rely entirely on the provision of content,

---

[1] Neither the Complaint filed by Plaintiff James Fortune nor the Third-Party Complaint identify the date the allegedly infringing content appeared on www.kbnd.com. The Exhibit submitted by Plaintiff James Fortune does not identify the date. Triton sold the business associated with the Agreement on May 10, 2019. CCI's assertion that Triton provided the allegedly infringing content is undercut by its failure to provide factual support of the date of the incident.

PAGE 5 – TRITON DIGITAL, INC.'S MOTION TO DISMISS COMBINED COMMUNICATIONS, INC.'S THIRD-PARTY COMPLAINT

502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

and because Triton's obligations under the Agreement specifically excluded provision of content and the obligation to obtain rights for third-party content, CCI fails to state a claim for indemnification against Triton under Rule 12(b)(6) for this reason.

Further, Triton has no obligation to indemnify CCI for CCI's own failure to obtain third-party rights for content Triton did not supply. Thus, Triton has not breached the Agreement by refusing to indemnify CCI. Accordingly, CCI fails to state a claim of breach of the Agreement by Triton under Rule 12(b)(6) for this reason as well.

### B. The Agreement Provides for Exclusive Jurisdiction and Venue in New York.

The Third-Party Complaint should be dismissed because this Court lacks personal jurisdiction over Triton under the parties' Agreement, and venue is improper under the parties' Agreement. Forum selection clauses are presumptively valid and enforceable, and must be honored "absent some compelling and countervailing reason." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). "Any party challenging the enforceability of such a clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Sheasly v. Orr Felt Co.*, No. 10-956-PK, 2010 WL 4273230, at *9-10 (D. Or. Oct. 25, 2010) (*citing and quoting Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

Here, CCI executed a contract in which jurisdiction and venue for "all disputes pertaining to this Agreement" is vested exclusively in State and Federal courts of New York County in the State of New York. *See* Agreement, Dkt. 13-1, Section 18, p. 2. While transfer is appropriate in some cases of improper venue, "Courts have, however, deemed dismissal preferable to transfer where, *e.g.*, the plaintiff's case is extremely weak (and no statute of limitations issue is apparent) . . . or where the plaintiff deliberately filed in the wrong venue." *Sheasly*, 2010 WL 4273230, at

PAGE 6 – TRITON DIGITAL, INC.'S MOTION TO DISMISS COMBINED COMMUNICATIONS, INC.'S THIRD-PARTY COMPLAINT
502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

*11 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983)).  Here, CCI explicitly contracted to limit jurisdiction and venue over the Agreement to New York, then deliberately filed this third-party complaint attaching the Agreement with the venue provision.  CCI's third-party complaint should therefore be dismissed.

## V.    CONCLUSION

For the reasons discussed herein, Triton respectfully requests this Court dismiss the Third-Party Complaint in its entirety.

RESPECTFULLY SUBMITTED this 3rd day of December 2019.

                K&L GATES LLP

                By: */s/ Stephanie E. L. McCleery*
                    Stephanie E. L. McCleery
                    Email: stephanie.mccleery@klgates.com
                    Attorneys for Third-Party Defendant
                    Triton Digital, Inc.

PAGE 7 – TRITON DIGITAL, INC.'S MOTION TO DISMISS COMBINED COMMUNICATIONS, INC.'S THIRD-PARTY COMPLAINT
502656820 v4

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2019, I caused to be served a copy of the foregoing upon all counsel of record listed below via the Court's CM/ECF electronic service system.

ATTORNEYS FOR PLAINTIFF:

Michael O. Stevens
Stevens & Legal LLC
3699 NE John Olsen Avenue
Hillsboro, OR 97124
971-533-6178
Fax: 971-228-2608
Email: michael@hillsborofirm.com

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza
Suite 305
Valley Stream, NY 11580
516-233-1660
Fax: 516-612-2740
Email: rl@liebowitzlawfirm.com

ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF:

Geoffrey C. Chackel
Chackel Law, P.C.
11440 W Bernardo Court
Suite 300
San Diego, CA 92127
619 567 2454
Fax: 619 452 1212
Email: geoff@chackellaw.com

DATED this 3rd day of December 2019.

By: /s/ Stephanie E. L. McCleery
Stephanie E. L. McCleery
Attorneys for Third-Party Defendant
Triton Digital, Inc.