Stephanie E. L. McCleery, OSB #115834
Email: stephanie.mccleery@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 228-3200\Fax: (503) 248-9085

Stewart N. Mesher (*pro hac vice*)
Email: stewart.mesher@klgates.com
Darlene F. Ghavimi (*pro hac vice*)
Email: darlene.ghavimi@klgates.com
K&L GATES LLP
2801 Via Fortuna, Suite 350
Austin, TX 78746
Tel.: (512) 482-6800\Fax: (512) 482-6859

Attorneys for Triton Digital, Inc.

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| JAMES FORTUNE,<br><br>    Plaintiff,<br><br>v.<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>    Defendant.<br><br>―――――――――――――――<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>TRITON DIGITAL, INC., a Delaware corporation,<br><br>    Third-Party Defendant. | Case No. 6:19-cv-01236-MC<br><br><br>**TRITON DIGITAL, INC.'S FRCP 60(B)(3) MOTION TO RECONSIDER APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE* OF RICHARD LIEBOWITZ**<br><br><br>**ORAL ARGUMENT REQUESTED** |

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

PAGE 1 – TRITON DIGITAL, INC.'S MOTION TO RECONSIDER

<u>Local Rule 7-1 Certification</u>

The undersigned certifies that on December 30, 2019 and January 30, 2020, counsel for Third-Party Defendant Triton Digital, Inc. ("Triton") and Oregon local counsel for James Fortune, Michael O. Stevens, conferred by telephone but were unable to resolve the dispute that is the basis for this Motion.

<u>Motion</u>

Triton hereby moves for relief under Fed. R. Civ. P. 60(b)(3) based on newly discovered evidence of significant disciplinary actions taken by various courts against Mr. Richard Liebowitz ("Mr. Liebowitz"), admitted *pro hac vice*, that were not disclosed in connection with Mr. Liebowitz's original *pro hac* motion (Dkt. 8) or subsequently pursuant to L.R. 83-6.  The new evidence, consists of:

1.    A non-exhaustive list of disciplinary actions taken by various judges in the Southern District of New York from March 2018 through November 2019 disclosed in connection with Mr. Liebowitz's *pro hac* admission papers[1] in another case in this district two months <u>after</u> his *pro hac* motion in this case, including sanctions in 6 cases that pre-date the filing of his *pro hac vice* application in this matter, and 4 cases that came after.  *Glen Craig v. Jerry Jazz Musician, LLC*, D. Or. Case No. 3:19-cv-01237-MO, Dkt. 7 (attached as Exhibit A to Declaration of Stephanie McCleery, January 31, 2019 ("McCleery Decl."));

2.    A *sua sponte* action by Judge Donato of the Northern District of California issuing an Order of Disbarment from that court.  *In re the Matter of Richard P. Liebowitz,* N.D. Cal. Case No. 3:19-mc-80228-JD, Dkt. 3, October 7, 2019 (McCleery Ex. B);

---

[1] Mr. Liebowitz's *pro hac vice* motions were sponsored by Mr. Stevens as associated local counsel in both cases.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

3.    An order dismissing a similar case in the District of Colorado as a sanction for failure to comply with the Federal Rules of Civil Procedure and a magistrate judge's orders. *Stelzer v. Lead Stories LLC*, D. Colo. Case No. 19-cv-00473-PAB-KMT, Dkt. 21, July 3, 2019 (McCleery Ex. C); and

4.    An order and order to show cause from Judge Siebel of the Southern District of New York in *Berger v. Imagina Consulting, Inc.*, S.D.N.Y. Case No. 18-CV-8956 (CS), Dkt. 60, November 1, 2019.  (McCleery Ex. D).

5.    A minute entry from Judge Siebel in *Berger v. Imagina Consulting* finding that, "Mr. Liebowitz willfully lied to the Court and willfully failed to comply with lawful Court orders." S.D.N.Y. Case No. 18-CV-8956 (CS), Docket Report, minute entry dated November 13, 2019. (McCleery Ex. E).

<u>LEGAL STANDARD</u>

Trial courts have authority "to establish criteria for admitting lawyers to argue before them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565 (2006).  "Where an out-of-state attorney suggests through his behavior that he will not abide by the court's rules and practices, the district court may reject his *pro hac vice* application."  *In re Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016), *subsequent mandamus proceeding*, 852 F.3d 945 (9th Cir. 2017) (citations omitted).  This Court has established rules governing out-of-state lawyers' appearance before it.  *See* L.R. 83; *see also* O.R.S. 9.160(1) ("Except as provided in this section, a person may not practice law in this state, or represent that the person is qualified to practice law in this state, unless the person is an active member of the Oregon State Bar.").  Upon application to appear *pro hac vice* in this court, an attorney must certify that, "I am not now nor have I ever been subject to any disciplinary action by any state or federal bar association."  Application for Special Admission

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

- *Pro Hac Vice*, U.S. District Court for the District of Oregon, Rev. 11/2018.  In addition, according to this Court's Local Rules, "[e]very attorney admitted to general or special practice before this Court has an affirmative duty to notify the Clerk, Chief Judge, and the assigned judge in writing within 14 days after the attorney has (1) Been suspended or disbarred from practice by any court."  *See* L.R. 83-6.

<u>ARGUMENT</u>

Mr. Liebowitz has been subject to sanctions in courts across the country ranging from monetary sanctions (including being ordered to pay defense costs and attorneys' fees), to "disbarment," to an order to show cause why he should not be incarcerated for failing to comply with a district court's orders.  Due to his infamous history of failing to comply with court orders in other jurisdictions, and his lack of candor before this Court and others, Defendant respectfully requests that this Court reconsider Mr. Liebowitz's motion for admission *pro hac vice*, and, like Judge Mosman in *Glen Craig v. Jerry Jazz Musician, LLC*, Case No. 3:19-cv-01237-MO, deny his *pro hac* application.  *Id.,* Dkt. 10.

While Mr. Liebowitz will likely maintain that the District of Oregon's *pro hac vice* form requires only that he disclose "disciplinary action by any state or federal bar association," and none of the sanctions he listed, or that he and his clients have received from other federal courts, are from "bar associations," that is just semantics.  Further, the fact that he received a *sua sponte* "disbarment" from the Northern District of California that he failed to disclose under L.R. 83-6, indicates that he is unlikely to abide by this Court's rules and practices.  *See In re Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016), *subsequent mandamus proceeding*, 852 F.3d 945 (9th Cir. 2017) (citations omitted). ("Where an out-of-state attorney suggests through his behavior that he will not

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

PAGE 4 – TRITON DIGITAL, INC.'S MOTION TO RECONSIDER

'abide by the court's rules and practices,' the district court may reject his *pro hac vice* application.")

All of the sanctions listed – failure to confer, failure to attend mediation, failure to attend hearings, failure to serve discovery until summary judgment – are concerning, but the order from Judge Siebel in the Southern District of New York does stand out. McCleery Ex. D. Mr. Liebowitz summarized the situation in his *pro hac* motion in *Glen Craig*:

> On November 1, 2019, Mr. Liebowitz was held in contempt of Court for failing to comply with Court's order to produce a death certificate of his grandfather and failing to timely pay monetary fines. Mr. Liebowitz had previously missed a court conference due to the death of his grandfather, although he was mistaken as to the date of actual death. Mr. Liebowitz paid all outstanding monetary fines and complied with the Court's order. *Berger v. Imagina Consulting, Inc.*, No. 7:18-cv-08956 (S.D.N.Y).

McCleery Decl. Ex. A at 6. The real story is quite a bit more involved and relevant to this court's reconsideration of his *pro hac* motion.

Mr. Liebowitz failed to attend a court-ordered discovery conference on April 12th. McCleery Decl. Ex. D at 1. Defense counsel was present and the court attempted to reach Mr. Liebowitz by telephone and cell to no avail. *Id.* Judge Siebel rescheduled the conference and asked for a letter from Mr. Liebowitz regarding the missed conference. *Id.* In his responding letter, and in the subsequent discovery conference, Mr. Liebowitz represented to Judge Siebel that he had missed the April 12th conference because his grandfather had died on the morning of April 12th and he had to attend to arrangements. *Id.* at 1-2. During that same conference, however, Judge Siebel began to doubt Mr. Liebowitz's credibility based on other representations. *Id.* at 2. As a result, she ordered that Mr. Liebowitz present documentation regarding who died, and when and how Mr. Liebowitz was notified. *Id.* In a follow up letter, Mr. Liebowitz again asserted that his grandfather died on April 12th, and he had to attend to arrangements. *Id.* at 3. Judge Siebel,

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

now understandably skeptical, once again requested actual documentation in the form of a death certificate or obituary, and gave Mr. Liebowitz until May 3, 2019 to produce documentation. *Id.*

On May 3rd, rather than providing documentation, Mr. Liebowitz filed a notice of settlement. Judge Siebel, undeterred, notified Mr. Liebowitz that he had until May 9th to supply documentation because the judge still needed to be satisfied that "there is no need for disciplinary or other inquiry." *Id.* Over the ensuing several of months, Judge Siebel gave Mr. Liebowitz many additional chances to produce documentation. *Id.* at 3-4. He repeatedly defied the court's orders, choosing instead to "certify" via declaration that his prior statements, letters and declarations were "true" and that the death was a "personal matter." *Id.* at 4. Judge Siebel disagreed, noting "that questions regarding Mr. Liebowitz's candor before the Court are professional in nature." *Id.* Again, she gave him until August 26th to provide documentation – privately to her chambers if he was concerned with family privacy – or be subject to sanctions and a report to the Southern District's Grievance Committee. *Id.* On August 26th, he again refused to provide documentation, this time alleging that Judge Siebel's request was "unlawful" and a "breach of judicial decorum." *Id.* at 5.

On September 27th, Judge Siebel declared her intent to hold Mr. Liebowitz in contempt if he did not comply by October 2nd. *Id.* After several more letter exchanges, Judge Siebel indicated that the first sanction payment of $100 per business day was due to be paid on October 7th. *Id.* at 6. Perhaps not surprisingly, on October 7th, Mr. Liebowitz neither paid the first sanctions payment, nor provided documentation of his grandfather's death, but at 8:34pm that evening, he sent a letter requesting another two weeks to deliver the death certificate. *Id.* Judge Siebel denied the request for an extension and further ordered that because the $100 sanctions apparently had no impact, the daily sanction amount would be raised to $500. *Id.* at 7. Further, Judge Siebel ordered

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

Mr. Liebowitz to show cause why he should not be incarcerated for contempt on November 13th. *Id.* On November 13, 2019, following the show cause hearing, Judge Siebel entered a minute order finding that Mr. Liebowitz "willfully lied to the Court and willfully failed to comply with lawful Court orders." McCleery Decl. Ex. E. So, in sum, Mr. Liebowitz missed a hearing, lied about it to the court, doubled-, tripled-, and quadrupled-down on that lie in subsequent pleadings and letters to the court, ignored multiple judicial orders, accused the judge of judicial misconduct, then, when monetary sanctions against him began to mount, he finally admitted his months-long deception to the court and paid thousands of dollars in sanctions for his willful misconduct.

"[D]istrict courts have other legitimate policy considerations that bear on a *pro hac vice* admission decision, such as the ethical practice of the law and the orderly administration of justice." *In re Bundy*, 852 F.3d 945, 952 (9th Cir. 2017). Here, an order revoking Mr. Liebowitz's *pro hac vice* admission is justified based not only on the history of sanctions and unethical conduct before other federal courts, but also in his failure to disclose them in his application in this case, or subsequently pursuant to L.R. 83-6. *U.S. v. Ensign*, 491 F.3d 1109, 1115 (9th Cir. 2007). (upholding denial of *pro hac* because attorney was unlikely "to abide by the court's rules and practices" or "be readily answerable to the court.") (internal citation omitted).

<u>CONCLUSION</u>

In light of Mr. Liebowitz's disrespect for court rules and orders, Third-Party Defendant Triton Digital, Inc. respectfully requests that this Court reconsider and revoke his admission *pro hac vice* to this Court in this case.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

RESPECTFULLY SUBMITTED this 31st day of January, 2020.

K&L GATES LLP

By: _/s Stephanie E. L. McCleery_____

Stephanie E. L. McCleery
Email: stephanie.mccleery@klgates.com
Stewart N. Mesher (*pro hac vice*)
Email: stewart.mesher@klgates.com
Darlene F. Ghavimi (*pro hac vice*)
Email: darlene.ghavimi@klgates.com
Attorneys for Third-Party Defendant
Triton Digital, Inc.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of January, 2020, I caused to be served a copy of

the foregoing TRITON DIGITAL, INC.'S MOTION TO RECONSIDER upon all counsel of

record listed below via the Court's CM/ECF electronic service system.

<u>ATTORNEYS FOR PLAINTIFF:</u>

Michael O. Stevens
Stevens & Legal LLC
3699 NE John Olsen Avenue
Hillsboro, OR 97124
971-533-6178
Fax: 971-228-2608
Email: michael@hillsborofirm.com

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza
Suite 305
Valley Stream, NY 11580
516-233-1660
Fax: 516-612-2740
Email:  rl@liebowitzlawfirm.com

<u>ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF:</u>
Geoffrey C. Chackel
Chackel Law, P.C.
11440 W Bernardo Court
Suite 300
San Diego, CA 92127
619 567 2454
Fax: 619 452 1212
Email: geoff@chackellaw.com

DATED this 31st day of January, 2020.

By: _/s Stephanie E. L. McCleery_____
Stephanie E. L. McCleery
Attorneys for Third-Party Defendant
Triton Digital, Inc.