Stephanie E. L. McCleery, OSB #115834
Email: stephanie.mccleery@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 228-3200\Fax: (503) 248-9085

Stewart N. Mesher (*pro hac vice*)
Email: stewart.mesher@klgates.com
Darlene F. Ghavimi (*pro hac vice*)
Email: darlene.ghavimi@klgates.com
K&L GATES LLP
2801 Via Fortuna, Suite 350
Austin, TX 78746
Tel.: (512) 482-6800\Fax: (512) 482-6859

Attorneys for Triton Digital, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JAMES FORTUNE,<br><br>        Plaintiff,<br>    v.<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>        Defendant.<br><br>_____<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>        Third-Party Plaintiff,<br><br>    v.<br><br>TRITON DIGITAL, INC., a Delaware<br>corporation,<br><br>        Third-Party Defendant. | Case No. 6:19-cv-01236-MC<br><br><br>**DECLARATION OF STEPHANIE MCCLEERY IN SUPPORT OF TRITON DIGITAL, INC.'S FRCP 60(B)(3) MOTION TO RECONSIDER APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE* OF RICHARD LIEBOWITZ** |

PAGE 1 – DECLARATION OF STEPHANIE MCCLEERY IN
SUPPORT OF TRITON DIGITAL, INC.'S MOTION TO
RECONSIDER

I, Stephanie McCleery, declare under penalty of perjury:

1.      I am over the age of 18.  I make this Declaration based on my personal knowledge, and it is true to the best of my knowledge, information and belief.  I am prepared to testify to the matters discussed herein.

2.      I am an attorney in K & L Gates LLP representing Third-Party Defendant Triton Digital, Inc. in this action.

3.      Richard Liebowitz is an attorney admitted to practice in the State of New York, who specializes in bringing internet-based copyright infringement actions on behalf of photographers.

4.      I have reviewed dockets, pleadings, and orders in many actions brought by Mr. Liebowitz.

5.      Mr. Liebowitz typically files lawsuits without providing prior notice to the publishers he sues, and uses the threat of litigation expenses to extract settlements far in excess of any license fee or any reasonable measure of damages recoverable in litigation.

6.      Attached hereto as Exhibit A is a true and correct copy of Mr. Liebowitz's *pro hac vice* application in *Glen Craig v. Jerry Jazz Musician, LLC*, D. Or. Case No. 3:19-cv-01237-MO (Dkt. No. 7).

7.      Attached hereto as Exhibit B is a true and correct copy of the Order of Disbarment filed on October 7, 2019 in the *sua sponte* action by Judge Donato of the Northern District of California.  *In re the Matter of Richard P. Liebowitz*, N.D. Cal. Case No. 3:19-mc-80228-JD (Dkt. No. 3).

8.      Attached hereto as Exhibit C is a true and correct copy of the July 3, 2019 order dismissing a similar case in the District of Colorado as a sanction for Mr. Liebowitz's failure to comply with the Federal Rules of Civil Procedure and a magistrate judge's orders.  *Stelzer v. Lead Stories LLC*, D. Colo. Case No. 19-cv-00473-PAB-KMT (Dkt. No. 21).

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

9.      Attached hereto as Exhibit D is a true and correct copy of the November 1, 2019 Order and Order to Show Cause in *Berger v. Imagina Consulting, Inc.*, S.D.N.Y. Case No. 18-CV-8956 (CS) (Dkt. No. 60).

10.     Attached hereto as Exhibit E is a true and correct copy of the complete docket report from *Berger v. Imagina Consulting, Inc.*, S.D.N.Y. Case No. 18-CV-8956 (CS).

11.     The documents attached hereto as Exhibits A – E are also available on the PACER websites and dockets for the United States District Courts for the District of Oregon, the Northern District of California, the District of Colorado, and the Southern District of New York.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

DATED this 31st day of January, 2020.

By: */s Stephanie E. L. McCleery*
        Stephanie E. L. McCleery        .

PAGE 3 – DECLARATION OF STEPHANIE MCCLEERY IN
SUPPORT OF TRITON DIGITAL, INC.'S MOTION TO
RECONSIDER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of January, 2020, I caused to be served a copy of

the foregoing DECLARATION OF STEPHANIE MCCLEERY IN SUPPORT OF TRITON

DIGITAL, INC.'S MOTION TO RECONSIDER upon all counsel of record listed below via

the Court's CM/ECF electronic service system.

<u>ATTORNEYS FOR PLAINTIFF:</u>

| | |
|---|---|
| Michael O. Stevens | Richard P. Liebowitz |
| Stevens & Legal LLC | Liebowitz Law Firm, PLLC |
| 3699 NE John Olsen Avenue | 11 Sunrise Plaza |
| Hillsboro, OR 97124 | Suite 305 |
| 971-533-6178 | Valley Stream, NY 11580 |
| Fax: 971-228-2608 | 516-233-1660 |
| Email: michael@hillsborofirm.com | Fax: 516-612-2740 |
| | Email: rl@liebowitzlawfirm.com |

<u>ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF:</u>
Geoffrey C. Chackel
Chackel Law, P.C.
11440 W Bernardo Court
Suite 300
San Diego, CA 92127
619 567 2454
Fax: 619 452 1212
Email: geoff@chackellaw.com

DATED this 31st day of January, 2020.

By: /s Stephanie E. L. McCleery
　　　Stephanie E. L. McCleery
　　　Attorneys for Third-Party Defendant
　　　Triton Digital, Inc.

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Glen Craig

                 Plaintiff(s),

Case No.: <u>3:19-cv-1237-MO</u>

v.

APPLICATION FOR SPECIAL
ADMISSION – *PRO HAC VICE*

Jerry Jazz Musician, LLC

                 Defendant(s).

---

**Application for *Pro Hac Vice* Admission and CM/ECF Registration**

    Attorney <u>Richard Liebowitz</u> requests special admission *pro hac vice* to the Bar of the United States District Court for the District of Oregon in the above-captioned case for the purposes of representing the following party(s):

Plaintiff Glen Craig

    In support of this application, I certify that: 1) I am an active member in good standing with the <u>New York</u> State Bar; and 2) that I have read and am familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local Rules of this Court, and this Court's Statement of Professionalism.

    I understand that my admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter.

(1)   **PERSONAL DATA:**

Name: <u>Liebowitz</u>       <u>Richard</u>       <u>P.</u>
       *(Last Name)*       *(First Name)*       *(MI)*       *(Suffix)*

Agency/firm affiliation: <u>Liebowitz Law Firm, PLLC</u>

Mailing address: <u>11 Sunrise Plaza, Suite 305</u>

City: <u>Valley Stream</u>     State: <u>NY</u>     Zip: <u>11580</u>

Phone number: <u>516-233-1660</u>     Fax number: <u>516-612-2740</u>

Business e-mail address: <u>RL@LiebowitzLawFirm.com</u>

**(2)    BAR ADMISSION INFORMATION**:

    **(a)**    State bar admission(s), date(s) of admission, and bar number(s):

           New York- 08/2015, RL1234

    **(b)**    Other federal court admission(s) and date(s) of admission:

           SDNY- 10/2015, EDNY- 10/15, NDNY- 02/16, WDNY- 02/16

**(3)    CERTIFICATION OF DISCIPLINARY ACTIONS**:

    ☐    I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association.

    ☑    I am now or have been subject to disciplinary action by a state or federal bar association.  (See attached letter of explanation.)

**(4)    CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

Pursuant to LR 83-3, I have professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

**(5)    CM/ECF REGISTRATION:**

I acknowledge that I will become a registered user of the Court's case management and electronic case filing system (CM/ECF) upon approval of this application, and I will receive electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules of the District of Oregon.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and I certify that the above information is true and correct.

DATED:    11/14/19               .

                                             *Richard Liebowitz*
                                           *(Signature)*

**REQUIREMENT TO ASSOCIATE WITH LOCAL COUNSEL:**

LR 83-3(a)(1) requires applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1.

To request a waiver of the requirement to associate with local counsel under LR 45-1, check the following box:

☐ I seek admission for the limited purpose of filing a motion related to a subpoena that this Court did not issue.  Pursuant to LR 45-1(b), I request a waiver of the LR 83-3(a)(1) requirement to associate with local counsel and therefore do not include a certification from local counsel with this application.

To associate with local counsel, complete the following section and obtain the signature of local counsel.

Name: Stevens, Michael O.

         *(Last Name)*            *(First Name)*        *(MI)*      *(Suffix)*

OSB number: 095198

Agency/firm affiliation: Stevens & Legal, LLC

Mailing address: 3699 NE John Olsen Avenue

City: Hillsboro           State: OR     Zip: 97124

Phone number: 971-533-6178        Fax number:

Business e-mail address: Michael@HillsboroFirm.com

**CERTIFICATION OF ASSOCIATE LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in case number 3:19-cv-1237 .

DATED: 11/12/2019 .

                            *(Signature of Local Counsel)*

---

**COURT ACTION**

---

Application for *pro hac vice* admission by <u>Richard Liebowitz</u>          in case number:

<u>3:19-cv-1237-MO</u>          is hereby:

    ☐  Approved subject to payment of fees.
    ☒  Denied.

DATED: <u>       November 18, 2019    </u>.

<u>    /s/ Michael W. Mosman    </u>
Judge

---

**Record of Sanctions Orders Against Richard Liebowitz, Esq.**

1) On March 15, 2018, Court imposed sanctions of $2,000 (reduced from $10,000) and ordered Mr. Liebowitz to complete 4 hours of ethics CLE training because he did not serve a notice of initial case management on the defendant (even though defendant already knew of the conference), purportedly omitted certain information concerning the parties' communications and purportedly caused the defendant to incur additional costs. While it is true that Mr. Liebowitz did not serve the notice of conference in that case, the defendant already knew of the existence of the action so it was harmless error. Moreover, Mr. Liebowitz disagrees with the Court's other findings regarding material omissions and increase in costs. The corporate defendant in that case was represented by counsel but failed to file a notice of appearance. Defendant knew of the case all long. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Steeger v. JMS Cleaning Servs., LLC*, No. 17CV8013(DLC), 2018 WL 1363497, at *1 (S.D.N.Y. Mar. 15, 2018).

2) On April 2, 2018, Liebowitz Law Firm, PLLC was sanctioned $100 for failing to serve initial disclosures. *Anderson v. Outhouse PR, LLC*, No. 17-cv-6722 (S.D.N.Y Apr. 2, 2018) (Dkt. 21).

3) On June 22, 2018, Mr. Liebowitz was fined $200 for failing to attend a hearing as ordered and failing to comply with the court's orders relating to service of process. *Romanowicz v. Alister & Paine, Inc.*, 17-cv-8937 (S.D.N.Y June 22, 2018).

4) On October 5, 2018, Mr. Liebowitz was sanctioned $650 for failing to provide adequate discovery responses. *Seidman v. GAX Productions, LLC*, 18-cv-2048 (S.D.N.Y. Oct. 5, 2018).

5) On October 9, 2018, Mr. Liebowitz was sanctioned $500 for failing to appear at a final pretrial conference. *Chicoineau v. Bonnier Corp.*, 18-cv-3264 (S.D.N.Y. Oct. 9, 2018).

6) On March 29, 2019, the Court awarded defendant approximately $98,000 in attorneys' fees against Mr. Liebowitz and Liebowitz Law Firm, PLLC after finding that the firm acted in "bad faith" by filing a motion to disqualify defendant's expert witness, who had previously consulted with Plaintiff as an expert in the same action. Mr. Liebowitz believed that the motion was meritorious as defendant assumed the risk that by retaining a flip-flopping expert, Plaintiff would move to disqualify. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Craig v. UMG Recordings, Inc.,* No. 16-CV- 5439 (JPO), 2019 WL 1432929 (S.D.N.Y. Mar. 29, 2019).

7) On August 8, 2019, the Court sanctioned Mr. Liebowitz in the amount of approximately $9,500 for not participating in a Court-ordered mediation session and not appearing for a scheduled case management conference. With respect to the mediation, the client was not available to participate. With respect to the court conference, the case was settled the night before the conference, and the Court decided to move forward with it despite a joint motion to adjourn. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Rice v NBCUniversal, LLC,* 19-CV-447 (JMF), 2019 WL 3752491, at *1 (SDNY Aug. 8, 2019)

8) On October 22, 2019, the Court awarded sanctions against Mr. Liebowitz because four pages of material documents were produced for the first time on summary judgment, less than four weeks after the discovery deadline. Mr. Liebowitz believes that defendant suffered no prejudice of any kind because it failed to conduct any discovery, did not move to compel production, and did not even serve a deficiency letter. The motion for fees remains pending and plaintiff in the case has moved to recuse the judge in that proceeding for expressing a high degree of antagonism against plaintiff's counsel. *Sands v Bauer Media Group USA, LLC*, 17-CV-9215 (LAK), 2019 WL 5395602, at *1 (SDNY Oct. 22, 2019).

9)      On October 9, 2019, Court sanctioned Mr. Liebowitz $1,500 for not filing a proof of service and not providing defendant with licensing fee information.  However, defendant had yet to file an appearance in the action so there was not way to provide it with the necessary information.  The failure to file a timely proof of service was non-prejudicial and harmless error.  Mr. Liebowitz complied with the Court's order but did not agree with decision. *Polaris Images Corp. v CBS Interactive, Inc.*, 19-CV-3670 (VEC), 2019 WL 5067167, at *1 (SDNY Oct. 9, 2019

10)     On November 1, 2019, Mr. Liebowitz was held in contempt of Court for failing to comply with Court's order to produce a death certificate of his grandfather and failing to timely pay monetary fines.  Mr. Liebowitz had previously missed a court conference due to the death of his grandfather, although he was mistaken as to the date of actual death.  Mr. Liebowitz has paid all outstanding monetary fines and complied with the Court's order.  *Berger v. Imagina Consulting, Inc.*, No. 7:18-cv-08956 (S.D.N.Y.).

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN THE MATTER OF RICHARD P. LIEBOWITZ,

                Plaintiffs,

      v.

RICHARD P. LIEBOWITZ,

                Defendant.

Case No. 19-mc-80228-JD

**ORDER OF DISBARMENT**

Re: Dkt. Nos. 1, 2

       To be a member of the bar of this Court, an attorney must be an active member in good standing of the State Bar of California.  N.D. Cal. Civil L.R. 11-1(b).  An attorney search on the State Bar of California's website, http://www.calbar.ca.gov/, indicated that attorney Liebowitz is not an active member of the California bar, and so the Court issued an order directing him to show cause why his membership in the bar of this Court should not be terminated.  Dkt. No. 1.

       Liebowitz's response, Dkt. No. 2, is not responsive and does not say anything at all about his membership in the State Bar of California.  He states that he has obtained "local co-counsel," Dkt. No. 2 ¶ 1, but that is not sufficient.

       The Court consequently orders attorney Richard P. Liebowitz removed from the membership roll of the bar of this Court.  In addition, attorney Liebowitz is ordered to disclose these OSC proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice application.

       **IT IS SO ORDERED.**

Dated:  October 7, 2019

JAMES DONATO
United States District Judge

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00473-PAB-KMT

BRIGITTE STELZER,

      Plaintiff,

v.

LEAD STORIES LLC,

      Defendant.

---

## ORDER

---

      This matter is before the Court on plaintiff's Declaration of Richard Liebowitz [Docket No. 20] filed on June 25, 2019.  The Court construes this declaration as an objection to the Recommendation of United States Magistrate Judge [Docket No. 19] entered on June 11, 2019.  Magistrate Judge Kathleen M. Tafoya recommends that the Court dismiss this action with prejudice due to plaintiff's failure to comply with the Federal Rules of Civil Procedure and the magistrate judge's orders.  Docket No. 19 at 5.

## I.  BACKGROUND

      The relevant background facts of this case are recited in the magistrate judge's recommendation and will not be repeated here.  *See* Docket No. 19 at 1-3.  On April 5, 2019, the magistrate judge set a scheduling conference for May 13, 2019.  Docket No. 8.  The magistrate judge ordered the parties to file a proposed scheduling order, along with the magistrate judge consent form, on or before May 6, 2019.  *Id.* at 2.  On May 6,

defendant filed a proposed scheduling order, stating that, at the time of the filing, "Counsel for Plaintiff ha[d] not conferred with Counsel for Defendant."  Docket No. 10. at 8.  Defendant also filed a notice of consent to the magistrate judge's jurisdiction, Docket No. 9, in which it again stated that plaintiff's counsel had not yet conferred with defendant.  Docket No. 9 at 1.

The next day, on May 7, 2019, plaintiff's counsel moved for leave to appear by telephone at the May 13 scheduling conference.  Docket No. 13.  The magistrate judge granted the motion and provided plaintiff's counsel with instructions for attending the conference by telephone.  Docket No. 15.

On May 13, plaintiff's counsel did not appear at the scheduling conference by telephone or in person.  Docket No. 16 at 1.  Telephone calls to plaintiff's counsel's law office and cell phone in an attempt to reach counsel were unsuccessful.  *Id.*  The magistrate judge reset the scheduling conference for June 5, 2019, and ordered plaintiff's counsel to appear in person.  *Id.* at 2.  The magistrate judge read into the record the factors for entering sanctions against a party set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and noted that many of the factors were met in this case.  Docket No. 16 at 1.  She further stated that "[c]ounsel is therefore warned that dismissal of the case with prejudice is a possibility for failure to participate in the case.  Further failures in this case could result in a recommendation to the District Court that the case be dismissed."  *Id.*

Plaintiff's counsel was also ordered to contact defense counsel by May 15, 2019 to draft an amended proposed scheduling order, which was to be filed by May 29, 2019.

2

*Id.* at 2.  On May 29, defendant again filed a proposed scheduling order with no input

from plaintiff.  Docket No. 17.  Defendant stated that the parties conferred on May 14,

2019 to discuss the scheduling order and, after the meeting, defense counsel sent a

proposed scheduling order to plaintiff's counsel and highlighted portions to be edited by

plaintiff.  *Id.* at 4.  Plaintiff did not respond.  *Id.*  The magistrate judge then vacated the

June 5 hearing, Docket No. 18, and now recommends that this case be dismissed with

prejudice due to plaintiff's failure to comply with multiple court orders.  Docket No. 19 at

5.

## II.  STANDARD OF REVIEW

"The Court will 'determine de novo any part of the magistrate judge's disposition

that has been properly objected to' by plaintiff."  *Turner v. Falk*, No. 13-cv-02957-PAB-

MJW, 2014 WL 7451698, at *1 (D. Colo. Dec. 31, 2014) (citing Fed. R. Civ. P.

72(b)(3)).  "[A] party's objections . . . must be both timely and specific to preserve an

issue for de novo review by the district court."  *United States v. One Parcel of Real

Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III.  ANALYSIS

Plaintiff objects to the magistrate judge's recommendation on the grounds that

merits decisions are generally favored and that dismissal is too harsh a sanction for this

case.  Docket No. 20 at 1-2, ¶¶ 4, 6.  She states that any missed deadlines "were a

result of administrative error and were short in duration," that she has "repeatedly

engaged with the Court and defense counsel and has not constructively abandoned the

case," and that, prior to the magistrate judge's recommendation, she "never received

3

warning that the case would be subject to dismissal for failure to prosecute." *Id.* at 2-3, ¶¶ 7-9.  She also asserts that defendant will not suffer any prejudice should the Court permit this case to proceed on the merits.  *Id.* at 3, ¶ 9.  Finally, plaintiff argues that no sanction is warranted because "administrative errors . . . are not grounds for sanctions against attorneys." *Id.*, ¶ 11.  The Court will first address plaintiff's arguments and then determine what sanction, if any, is proper under *Ehrenhaus*.

The Court finds plaintiff's arguments conclusory and not credible.  Plaintiff argues that "any deadlines missed were a result of administrative error and were short in duration." *Id.* at 2, ¶ 7.  Plaintiff filed this lawsuit on February 17, 2019, Docket No. 1, and failed to confer with counsel until May 14, 2019.  *See* Docket Nos. 9 at 1; 10 at 4; 17 at 4.  Because of this, plaintiff missed her filing deadlines for the magistrate judge consent notice and the proposed scheduling order.  *See* Docket Nos. 9 and 10.  Plaintiff then filed a motion for leave to appear at the May 13 scheduling conference by telephone, indicating that plaintiff was aware that this conference was scheduled for May 13 at 9:00 a.m.  Docket No. 13 at 1 ("Plaintiff . . . moves this Court to allow Richard Liebowitz to appear by telephone at the May 13, 2019 at 9am. [sic] Scheduling Conference.").  Plaintiff failed to appear at this conference and the magistrate judge's subsequent attempts to contact plaintiff were unsuccessful.  Docket No. 16 at 1. Further, after then being warned that dismissal was a potential sanction in this case, plaintiff missed her deadline to file the amended proposed scheduling order.  Docket No. 17.

Plaintiff has offered no explanation as to why these missed deadlines were mere

"administrative errors," and the Court is not convinced that these missed deadlines were mere excusable mistakes.  Further, the Court does not find that plaintiff's filing of a motion to appear by telephone and conferring once with defense counsel, after being ordered to do so by the magistrate judge, amounts to plaintiff "repeatedly engag[ing] with the Court and defense counsel," particularly when viewed in light of the numerous other times that plaintiff failed to engage in this case.

Moreover, plaintiff's contention that she was never warned that dismissal was a possible sanction is plainly contradicted by the record.  After plaintiff failed to appear at the May 13 scheduling conference, the magistrate judge, in the courtroom minutes, warned plaintiff "that dismissal of the case with prejudice is a possibility for failure to participate in the case."  Docket No. 16 at 1.  The Court is also not convinced by plaintiff's argument that defendant will not suffer any prejudice if the Court allows this case to go forward on the merits.  Plaintiff has repeatedly missed deadlines even in the early stages of this case.  Further, plaintiff's failure to take responsibility for those missed deadlines, or to acknowledge her errors, indicates that it is probable that plaintiff will continue to violate court orders if this litigation were to proceed.

Finally, plaintiff argues that not only should this case not be dismissed, but that no sanctions are warranted because her multiple failures to obey court orders in this case were mere "administrative errors."  Docket No. 20 at 3, ¶ 11.  Plaintiff provides no explanation of what she considers an "administrative error" to be and cites no Tenth Circuit authority or case from this district to support the proposition that an

"administrative error" does not merit sanctions or dismissal.[1]  In fact, repeated failure to comply with court orders is proper grounds for dismissal of a case.  *See Olvera v. Douglas County Deputy Sheriff OSN 1520*, No. 16-cv-02419-PAB-KLM, 2018 WL 2382319, at *2 (D. Colo. May 25, 2018) ("Dismissal with prejudice is warranted because of plaintiff's repeated failures to comply with court orders and deadlines.").

The Federal Rules of Civil Procedure provide that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or . . . fails to obey a scheduling or pretrial order."  Fed. R. Civ. P. 16(f).  Sanctions for either violation may include "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).

Under *Ehrenhaus*, before choosing dismissal as a sanction, a court should consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; . . . and (5) the efficacy of lesser sanctions."  *Ehrenhaus,* 965 F.2d at 920-21 (internal citations omitted).  The magistrate judge

---

[1]Further, the case that plaintiff cites in support, *In re Sutter*, 543 F.2d 1030 (2d Cir. 1976), is unhelpful to her position.  In that case, the Second Circuit upheld a $1,500 fine assessed to an attorney who had acted "recklessly" by failing to inform the court of a potential conflict in the scheduling of his criminal trials, which resulted in one trial being delayed three days.  *Id.* at 1032.  In upholding the sanction, the court stated that the professional rules "require[] of attorneys at least a reasonable degree of attentiveness to their responsibilities to the court."  *Id.* at 1035.  Plaintiff's counsel's failure to comply with at least three court orders in a span of four months cannot be described as reasonably attentive to his responsibilities to the court.

determined that, balancing these factors, dismissal of the case is appropriate.

The Court agrees that dismissal is warranted here.  First, defendant has been prejudiced by plaintiff's behavior, as defendant has had to file two scheduling orders, attend a scheduling conference at which plaintiff failed to appear, and attempt to confer with plaintiff to prepare a scheduling order, only to have plaintiff once again be unresponsive.  *See Harrington v. Ozark Waffle Inc.*, No. 16-cv-01236-MJW, 2017 WL 6551193, at *3 (D. Colo. Oct. 19, 2017) ("Defendant has been prejudiced by having to expend resources trying to move forward a case that was initiated by Plaintiff.").  Plaintiff's behavior has also interfered with the judicial process.  Though this case is in its early stages, plaintiff's behavior has already prejudiced defendant and inconvenienced the court, as the magistrate judge has undertaken multiple efforts in an attempt to get plaintiff to comply with her orders.  *See Steckel v. Doe*, No. 08-cv-01652-LTB-CBS, 2009 WL 1174479, at *2 (D. Colo. Apr. 29, 2009) ("Judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action.").

The Court also finds that plaintiff is culpable, as her failure to comply with multiple deadlines and court orders evidences not an administrative error, but a pattern of disrespect for the magistrate judge's authority.  Further, plaintiff's lack of respect for the judicial process indicates that any lesser sanction would have little to no effect.  Plaintiff's counsel has previously been sanctioned in another district for similar behavior, which clearly has had no deterrent effect.  *See Steeger v. JMS Cleaning Services, LLC*, 2018 WL 1136113, at *3 (S.D.N.Y. Feb. 28, 2018), vacated in part on reconsideration by *Steeger v. JMS Cleaning Services, LLC*, 2018 WL 1363497 (S.D.N.Y. Mar. 15, 2018) ("Mr. Liebowitz's claim that his failure to serve [defendant] with

7

the Notice of Pretrial Conference was 'inadvertent' and an 'honest mistake' is unpersuasive given his prior practice before this Court and in this district.").  Under these circumstances, no lesser sanction is appropriate and dismissal is the proper result.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 19] is **ACCEPTED**.  It is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that each party shall bear its own costs.  It is further

**ORDERED** that this case is closed.

DATED July 3, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JASON BERGER,

                                                    Plaintiff,

                            – against –                                    **ORDER  and**
                                                                      **ORDER TO SHOW CAUSE**
IMAGINA CONSULTING, INC.,
                                                                           No. 18-CV-8956 (CS)
                                                    Defendant.
-------------------------------------------------------------------------x

Seibel, J.

On April 5, 2019, Defendant filed a letter with the Court requesting a discovery

conference.  (Doc. 27.)  That same day, I granted Defendant's request and scheduled a discovery

conference for April 12, 2019 at 11 a.m.  (Doc. 28.)  I also ordered Plaintiff to respond to

Defendant's letter by April 9, (*id.*), which Plaintiff did, (Doc. 30).  On April 12, the Court held

the discovery conference, but Plaintiff's counsel, Richard Liebowitz, did not appear and did not

call or email the Court or Defendant's counsel to explain his absence.  (Minute Entry dated Apr.

12, 2019.)  That same day, I ordered Plaintiff to show cause in writing, on or before April 17,

2019, why he failed to appear for the conference and why he should not be required to pay

Defendant's attorney's fees for the time expended to appear at the conference.  (Doc. 31.)  The

Court also rescheduled the conference for April 18, 2019.  (*Id.*)

By letter dated April 15, 2019, Mr. Liebowitz advised that he had missed the conference

because of a death in the family which was an "unexpected urgent matter" to which he had to

attend.  (Doc. 32.)  He also said he would be out of the office on April 18 and asked to appear by

phone at the rescheduled discovery conference.  (*Id.*)

The conference was held by phone on April 18.  (*See* Minute Entry dated Apr. 18, 2019.)

Mr. Liebowitz represented that the death in the family occurred on the morning of April 12 and

apologized for not letting Defendant's counsel and the Court know.  During the conference,

issues were discussed that reflected negatively on Plaintiff's counsel's credibility.  For example,

Plaintiff had answered interrogatories saying his damages calculation had relied on "contracts,

invoices, [and] licensing agreements," (Doc. 27 at 1), but when Defendant requested those

documents, Plaintiff said he could not produce them without a protective order.  After Defendant

agreed to a protective order and the Court signed it, (Doc. 23), Plaintiff still produced nothing,

despite twice promising to do so.  (*See* Doc. 27.)  Further, Defendant's counsel represented that

Mr. Liebowitz had told Defendant's counsel that he could not comply because he was out of the

country due to an emergency, when in reality he was at a trade show in Europe trying to drum up

business. At that point, concerned about Mr. Liebowitz's credibility and the possibility that he

was trying to increase costs for Defendant's counsel, I determined that I could not merely accept

Mr. Liebowitz's representation that he missed the April 12 conference because of a death in the

family, and directed that, among other things, by May 1, Mr. Liebowitz provide evidence or

documentation regarding who died, when, and how he was notified.  I also permitted

Defendant's counsel to submit his billing records relating to the discovery dispute by May 1,

with Mr. Liebowitz having until May 15 to submit opposition to Defendant's application that

Plaintiff cover those fees.[1]

---

[1] I also expressed concern over how Plaintiff's claim of $5000 in damages could possibly have
been made in good faith.

By letter dated May 1, 2019, Mr. Liebowitz represented that his grandfather had unexpectedly died on April 12, 2019 and that Mr. Liebowitz was needed to assist with certain customs for which arrangements had to be made in advance of the Sabbath. (Doc. 36.) That same day, I endorsed the letter as follows:

> This letter is not responsive to my instruction. Mr. Liebowitz was to *document* who passed away, when the person passed away and when Mr. Liebowitz was notified. The reason I requested documentation is that there is reason to believe Mr. Liebowitz is not being candid. So a letter from him does not advance the ball. When someone dies, there is documentation including a death certificate and (almost always) an obituary, and nowadays one's phone usually contains evidence of what one was told and when. Mr. Liebowitz may have until 5/3/19 to supplement this letter.

(Doc. 38 (emphasis in original)). On May 3, 2019, Plaintiff filed a notice of settlement. (Doc. 41.) On May 7, 2019, I advised as follows:

> I'm glad the parties have resolved the case (and, I presume, the issue of Plaintiff's counsel's expenses for the April 12 conference), but there remains one open issue: Mr. Liebowitz's failure to document the death in the family that he says caused him to miss the conference. (See Doc. 38.). He was supposed to address that issue by May 3, but I will give him until May 9. Even if Defendant has been made whole, I still need to satisfy myself that there is no need for disciplinary or other inquiry.

(Doc. 45.) On May 9, Mr. Liebowitz filed a Declaration in which he "re-certif[ied]" that the statements in his April 15 and May 1 letters were true, and he stated that he believed that his Declaration discharged his obligation to the Court. (Doc. 46 ¶¶ 6-7.)

On May 13, I responded that Mr. Liebowitz's May 9 Declaration did not resolve the matter because, given the issues surrounding Mr. Liebowitz's credibility and his failure to provide any information or documentation regarding his grandfather's death, Mr. Liebowitz's reiteration could not sufficiently discharge his obligations to the Court. (Doc. 47.) I therefore issued an order to show cause, requiring Mr. Liebowitz to provide documentation or other evidence (apart from his own word) that demonstrated that a death in the family had occurred

3

that prevented him from attending the April 12 conference and timely notifying the Court and Defendant's counsel of his inability to attend. (*Id.* at 3-4.)

Rather than comply with the Court's order to provide the above documentation, on May 16, Mr. Liebowitz again submitted a Declaration reiterating his belief that his statements contained in the April 15, May 1, and May 9 letters were sufficient to discharge his obligations in response to the Court's order to show cause. (Doc. 48 ¶ 3.)

On July 26, I ordered Mr. Liebowitz, under pain of contempt, to provide a copy of his grandfather's death certificate so as to support his claim that he could not attend the April 12 conference, nor provide timely notice to the Court or opposing counsel, as a result of his grandfather's death. (Doc. 49.) In response, Mr. Liebowitz submitted another Declaration on August 12, stating that he believed that his previous letters sufficed to fulfill his obligations to the Court (in spite of the fact that I explicitly requested documentation other than "his say-so," (*see* Doc. 47 at 4)), and that he should not be required to submit his grandfather's death certificate because it is "a personal matter." (Doc. 50 ¶¶ 3-4.) As I noted in my August 19 response to Mr. Liebowitz's letter, however, although the death of a family member is certainly a personal matter, questions regarding Mr. Liebowitz's candor before the Court are professional in nature. (Doc. 51.) I reassured Mr. Liebowitz that, if he was concerned about the death certificate being available on the public docket, he was welcome to provide the document directly to my chambers to ensure his privacy. (*Id.*) I also made clear that, should he fail to provide the requested documentation by August 26, he would be held in contempt of court and subject to sanctions, including monetary sanctions and/or referral to this Court's Grievance Committee. (*Id.*)

On August 26, the day Mr. Liebowitz was required to provide his grandfather's death certificate pursuant to my August 19 order, Mr. Liebowitz instead submitted another Declaration. (Doc. 52.) In this Declaration, Mr. Liebowitz argued that he was not in contempt because this Court's request for his grandfather's death certificate was unlawful, as it "likely constitutes a usurpation of judicial authority or a breach of judicial decorum," (*id* ¶ 14); his previous Declarations complied with my previous orders, (*id.* ¶ 15); "there [was] no basis to impose monetary sanctions," (*id.* ¶ 16); and the Court's assurance that his grandfather's death certificate would not be made public was insufficient to protect his right to privacy, (*id.* ¶ 17).

On September 27, I endorsed Mr. Liebowitz's latest Declaration, stating that:

> There is nothing unlawful about my August 19, 2019 order. There was also nothing unclear about it. Likewise, Mr. Liebowitz's failure to comply is apparent beyond any reasonable doubt. Finally, he has not diligently attempted to comply. To the contrary, while maintaining that the death occurred (and thus implicitly conceding the existence of a death certificate), he has repeatedly refused to provide it, even after the Court made clear that his "good faith declarations" were insufficient and after the Court agreed that the document need not be publicly filed. He has not shown or even alleged an inability to comply.

(Doc. 53.) I therefore declared Mr. Liebowitz to be in contempt of court, and ordered that, should he fail to comply with my order and provide the requested documentation by October 2, he would be subject to monetary sanctions of $100 each business day until he complied. (*Id.*) I also informed Mr. Liebowitz that, "[s]hould this sanction prove insufficient" to ensure his compliance, "additional or different sanctions [would] be considered." (*Id.*)

On October 2, Mr. Liebowitz wrote a letter to my chambers requesting an in-person conference to discuss my September 27 order, and also requesting a stay of that order "[f]or just cause" until the conference could be held. (Doc. 54.) I denied his request, noting that Mr. Liebowitz's letter had not stated what purpose would be served by an in-person conference, nor

had it supplied any justification for a stay of my September 27 order. (Doc. 55.) Mr. Liebowitz submitted another letter the next day, October 3, reiterating his request for an in-person conference to discuss his grandfather's death certificate and for a stay "[f]or just cause." (Doc. 56.) I again denied the application, because Mr. Liebowitz had not articulated any purpose that the conference would serve, nor did he supply any cause to stay my September 27 order. (Doc. 57.) I further ordered Mr. Liebowitz to refrain from filing any further requests for a conference unless he could explain specifically what purpose would be served by the conference and to refrain from filing any further requests for a stay of my September 27 order unless he could specifically state a justification for a stay. (*Id.*) I notified Mr. Liebowitz that his first payment under the contempt sanction was due to the Clerk of the Court on Monday, October 7. (*Id.*)

On October 7, Mr. Liebowitz sent a letter requesting a two-week extension to deliver his grandfather's death certificate and requesting that the monetary sanctions be stayed until after the extension had elapsed. (Doc. 58.) This request had come at 8:34 p.m. on October 7, well after the Clerk's Office had closed. (Doc. 59.) That same night, I denied Mr. Liebowitz's request for an extension. (*Id.*) As of November 1, 2019, Mr. Liebowitz has not made any of his required payments. By the Court's count, Mr. Liebowitz was obligated to pay $300 on October 7, 2019; $400[2] on October 15, 2019;[3] $400 on October 21, 2019;[4] and $500 on October 28.

Richard Liebowitz, Plaintiff's counsel in this case, is now in contempt of my August 19, 2019 and September 27, 2019 orders. (*See* Docs. 51, 53.) The $100 fine he accrues each business day has plainly been ineffective to coerce compliance with the August 19, 2019 Order.

---

[2] I will not count Yom Kippur, which fell October 9, 2019, as a business day.
[3] Monday, October 14, was a national holiday.
[4] See note 3 above.

Accordingly, the daily contempt sanction is hereby increased to $500 a day, effective November 6, 2019. Starting on that date, Mr. Liebowitz will be sanctioned $500 per business day (payable on Monday of each week, or Tuesday if the office of the Clerk of Court is not open on Monday) until he has complied in full with my August 19, 2019 and September 27, 2019 Orders. Further, Mr. Liebowitz is hereby ORDERED to appear before this Court in person on November 13, 2019 at 10 a.m., and there and then SHOW CAUSE why he should not be incarcerated until such time as he complies with the above-described orders (and, if applicable, the instant order). Failure to appear as directed will subject Mr. Liebowitz to arrest by the United States Marshals Service without further notice.[5]

**SO ORDERED.**

Dated:  November 1, 2019
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[5] Should Mr. Liebowitz already be committed to appear before another court on November 13, 2019 at 10 a.m., he shall – no later than November 6, 2019 – so advise the Court by letter and enclose proof of the commitment from a source other than Mr. Liebowitz (such as a court order or docket entry). No adjournment will be considered unless it is requested on or before November 6, 2019, and unless the request is accompanied by proof of the commitment from a source other than Mr Liebowitz. The letter shall also provide three dates and times within a week of November 13, 2019 when Mr. Liebowtiz is available to appear before this Court. If the Court finds the showing sufficient, the Court will advise Mr. Liebowitz of a new date and time. Unless he hears from the Court about a new date and time, he shall appear on November 13, 2019 at 10 a.m.

EXHIBIT E

Query    Reports    Utilities    Help    Log Out

CLOSED,CASREF,ECF

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:18-cv-08956-CS

Berger v. Imagina Consulting, Inc.                        Date Filed: 09/30/2018
Assigned to: Judge Cathy Seibel                          Date Terminated: 05/07/2019
Referred to: Magistrate Judge Judith C. McCarthy (Settlement)    Jury Demand: Both
Cause: 17:101 Copyright Infringement                 Nature of Suit: 820 Copyright
                                                    Jurisdiction: Federal Question

**Plaintiff**

**Jason Berger**                    represented by  **Richard Liebowitz**
                                    Liebowitz Law Firm, PLLC
                                    11 Sunrise Plaza, Suite 301
                                    Suite 305
                                    Valleystream, NY 11580
                                    516-233-1660
                                    Email: RL@LiebowitzLawFirm.com
                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Imagina Consulting, Inc.**          represented by  **Craig Justin Albert**
                                    Albert PLLC
                                    733 3rd Ave, FL 15
                                    New York, NY 10017-3293
                                    646-790-5840
                                    Email: Craig@AlbertPLLC.com
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2018 | 1 | COMPLAINT against Imagina Consulting, Inc.. (Filing Fee $ 400.00, Receipt Number 0208-15637004)Document filed by Jason Berger. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Liebowitz, Richard) (Entered: 09/30/2018) |
| 09/30/2018 | 2 | REQUEST FOR ISSUANCE OF SUMMONS as to Imagina Consulting, Inc., re: 1 Complaint. Document filed by Jason Berger. (Liebowitz, Richard) (Entered: 09/30/2018) |
| 09/30/2018 | 3 | CIVIL COVER SHEET filed. (Liebowitz, Richard) (Entered: 09/30/2018) |
| 09/30/2018 | 4 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Liebowitz, Richard) (Entered: 09/30/2018) |
| 10/01/2018 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is |

| | | |
|---|---|---|
| | | assigned to Judge Cathy Seibel. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pc) (Entered: 10/01/2018) |
| 10/01/2018 | | Magistrate Judge Judith C. McCarthy is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pc) (Entered: 10/01/2018) |
| 10/01/2018 | | Case Designated ECF. (pc) (Entered: 10/01/2018) |
| 10/01/2018 | 5 | ELECTRONIC SUMMONS ISSUED as to Imagina Consulting, Inc.. (pc) (Entered: 10/01/2018) |
| 10/01/2018 | 6 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (pc) (Entered: 10/01/2018) |
| 11/26/2018 | 7 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Imagina Consulting, Inc..(Albert, Craig) (Entered: 11/26/2018) |
| 11/26/2018 | 8 | ANSWER to 1 Complaint with JURY DEMAND. Document filed by Imagina Consulting, Inc..(Albert, Craig) (Entered: 11/26/2018) |
| 11/26/2018 | 9 | NOTICE OF INITIAL COURT CONFERENCE: Initial Conference set for 12/19/2018 at 03:00 PM in Courtroom 621, 300 Quarropas Street, White Plains, NY 10601 before Judge Cathy Seibel. (kgo) (Entered: 11/26/2018) |
| 12/12/2018 | 10 | INITIAL REPORT OF PARTIES BEFORE PRETRIAL CONFERENCE. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 12/12/2018) |
| 12/18/2018 | 11 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION for Leave to Appear Telephonically for Initial Conference . Document filed by Jason Berger.(Liebowitz, Richard) Modified on 1/17/2019 (ldi). (Entered: 12/18/2018) |
| 12/18/2018 | 12 | ORDER granting 11 Motion for Leave to Appear Telephonically: The parties may appear by phone. Please call Jared in my chambers for instructions (914-390-4271). (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 12/18/2018) |
| 12/18/2018 | 13 | FIRST AMENDED COMPLAINT amending 1 Complaint against Imagina Consulting, Inc. with JURY DEMAND.Document filed by Jason Berger. Related document: 1 Complaint. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Liebowitz, Richard) (Entered: 12/18/2018) |
| 12/19/2018 | | Minute Entry for proceedings held before Judge Cathy Seibel: Initial Conference held on 12/19/2018. Case Management Plan is signed. This is case is to be referred to Magistrate Judge McCarthy for settlement purposes. Submit pre-motion letter(s) by June 11, 2019; opposition due June 18, 2019. See transcript. (Status Conference set for 6/25/2019 at 11:00 AM in Courtroom 621, 300 Quarropas Street, White Plains, NY 10601 before Judge Cathy Seibel). (Court Reporter Sabrina D'Emidio) (wc) (Entered: 12/20/2018) |
| 12/20/2018 | 14 | CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: The case is to be tried to a jury. Deposition due by 6/19/2019. Fact Discovery due by 6/19/2019. Expert Discovery due by 8/16/2019. Case Management Conference set for 6/25/2019 at 11:00 |

| | | AM before Judge Cathy Seibel. (Signed by Judge Cathy Seibel on 12/19/2018) (mml) (Entered: 12/20/2018) |
|---|---|---|
| 12/20/2018 | 15 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Settlement. Referred to Magistrate Judge Judith C. McCarthy. (Signed by Judge Cathy Seibel on 12/20/2018) (mml) (Entered: 12/20/2018) |
| 01/03/2019 | 16 | SCHEDULING ORDER: Settlement Conference set for 2/11/2019 at 02:00 PM in Courtroom 421, 300 Quarropas Street, White Plains, NY 10601 before Magistrate Judge Judith C. McCarthy; and as further set forth in this Order. SO ORDERED. (Signed by Magistrate Judge Judith C. McCarthy on 1/3/2019) (anc) (Entered: 01/03/2019) |
| 01/10/2019 | 17 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Judith C. McCarthy from Craig J. Albert dated January 10, 2019. Document filed by Imagina Consulting, Inc.. Return Date set for 2/11/2019 at 02:00 PM.(Albert, Craig) (Entered: 01/10/2019) |
| 01/11/2019 | 18 | ORDER granting 17 Letter Motion to Adjourn Settlement Conference. The Settlement Conference scheduled for February 11, 2019 is adjourned to March 20, 2019 at 2:00 PM in Courtroom 421, 300 Quarropas Street, White Plains, NY 10601 before Magistrate Judge Judith C. McCarthy. (HEREBY ORDERED by Magistrate Judge Judith C. McCarthy) (Text Only Order) (McCarthy, Judith) (Entered: 01/11/2019) |
| 01/16/2019 | 19 | ANSWER to 13 Amended Complaint, with JURY DEMAND. Document filed by Imagina Consulting, Inc..(Albert, Craig) (Entered: 01/16/2019) |
| 03/14/2019 | 20 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Judith C. McCarthy from Craig J. Albert dated 3/14/2019. Document filed by Imagina Consulting, Inc.. Return Date set for 3/20/2019 at 02:00 PM.(Albert, Craig) (Entered: 03/14/2019) |
| 03/15/2019 | 21 | ORDER granting 20 Letter Motion to Adjourn Conference. The Settlement Conference scheduled for March 20, 2019 is adjourned *sine die*. The parties are directed to notify the Court when they are ready to participate in a Settlement Conference. (HEREBY ORDERED by Magistrate Judge Judith C. McCarthy)(Text Only Order) (McCarthy, Judith) (Entered: 03/15/2019) |
| 03/15/2019 | 22 | PROPOSED PROTECTIVE ORDER. Document filed by Imagina Consulting, Inc.. (Albert, Craig) (Entered: 03/15/2019) |
| 03/15/2019 | 23 | STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Cathy Seibel on 3/15/2019) (rjm) (Entered: 03/15/2019) |
| 03/15/2019 | 24 | LETTER addressed to Magistrate Judge Judith C. McCarthy from Richard Liebowitz dated 3/15/19 re: Adjournment of settlement conference. Document filed by Jason Berger. (Liebowitz, Richard) (Entered: 03/15/2019) |
| 04/05/2019 | 25 | LETTER MOTION for Discovery *(Informal Conference Request)* addressed to Judge Cathy Seibel from Craig J. Albert dated 4/5/2019. Document filed by Imagina Consulting, Inc..(Albert, Craig) (Entered: 04/05/2019) |
| 04/05/2019 | 26 | ORDER deferring ruling on 25 Motion for Discovery: Counsel should supplement the request with an explanation of the circumstances and the nature of the problem. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 04/05/2019) |
| 04/05/2019 | 27 | SUPPLEMENTAL LETTER MOTION for Discovery *(Informal Conference Request)* addressed to Judge Cathy Seibel from Craig J. Albert dated 4/5/2019. Document filed by |

| | | Imagina Consulting, Inc..(Albert, Craig) (Entered: 04/05/2019) |
|---|---|---|
| 04/05/2019 | 28 | ORDER granting 27 Letter Motion for Discovery: Discovery conference to be held on 4/12/19 at 11 am. Plaintiff is to state his position, by letter of no more than 3 pages, no later than 4/9/19. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 04/05/2019) |
| 04/05/2019 | 29 | ORDER granting 25 Letter Motion for Discovery: See Doc. 28. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 04/05/2019) |
| 04/09/2019 | 30 | LETTER addressed to Judge Cathy Seibel from Richard Liebowitz dated 4/9/19 re: Discovery Status Update. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 04/09/2019) |
| 04/12/2019 | | Minute Entry for proceedings held before Judge Cathy Seibel: Discovery Hearing held on 4/12/2019. Plaintiff's counsel did not appear. The Court will issue an Order to Show Cause to Plaintiff's counsel (Richard Liebowitz, Esq.) as to why he did not appear for the proceeding today and why he should not pay the fees incurred by Defendant's counsel (Craig Albert, Esq.) for appearing today. The discovery hearing has been re-scheduled for April 18, 2019 at 12:15 p.m. See transcript. (Discovery Hearing set for 4/18/2019 at 12:15 PM in Courtroom 621, 300 Quarropas Street, White Plains, NY 10601 before Judge Cathy Seibel). (Court Reporter Angela O'Donnell) (wc) (Entered: 04/12/2019) |
| 04/12/2019 | 31 | ORDER TO SHOW CAUSE: Plaintiff is hereby ORDERED to SHOW CAUSE in writing, on or before April 17, 2019, why: 1. He failed to appear for today's discovery conference; and 2. He should not be required to pay Defendant's attorney's fees for the time expended while appearing at today's discovery conference. Further, the Court will hold what should have been today's discovery conference on April 18, 2019, at 12:15 p.m. The Clerk of Court is respectfully directed to serve this Order to Show Cause on Plaintiff by mail. SO ORDERED. (Signed by Judge Cathy Seibel on 4/12/2019) (ks) Transmission to Docket Assistant Clerk for processing. (Entered: 04/12/2019) |
| 04/12/2019 | | Mailed a copy of 31 Order to Show Cause, to Richard Liebowitz Liebowitz Law Firm, PLLC 11 Sunrise Plaza, Suite 301 Suite 305 Valleystream, NY 11580. (aea) (Entered: 04/12/2019) |
| 04/15/2019 | 32 | LETTER addressed to Judge Cathy Seibel from Richard Liebowitz dated April 15, 2019 re: Status Letter. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 04/15/2019) |
| 04/16/2019 | 33 | MEMO ENDORSEMENT on re: 32 Letter filed by Jason Berger. ENDORSEMENT: If Mr. Liebowitz will be back in the office on Friday, 4/19/19, or Monday, 4/22/19, I would rather do the conference in person then. If not, both parties may attend by phone on 4/18/19, but I do my civil conferences on the record and doing them by phone makes life difficult for the court reporter. So the parties should confer about whether we can do it Friday or Monday. If not, we'll do it Thursday by phone. Either way the parties should advise my courtroom deputy, Walter Clark (914-390-4077 or walter_clark@nysd.uscourts.gov), who will explain how to do the phone conference if it can't be avoided. SO ORDERED. (Signed by Judge Cathy Seibel on 4/16/2019) (mml) (Entered: 04/16/2019) |
| 04/17/2019 | 34 | LETTER addressed to Judge Cathy Seibel from Richard Liebowitz dated April 17, 2019 re: Status Letter. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 04/17/2019) |
| 04/18/2019 | | Minute Entry for proceedings held before Judge Cathy Seibel: Discovery Hearing held on 4/18/2019. Both parties appear telephonically. The Court orders Plaintiff's counsel (Richard Liebowitz, Esq.) to sign the interrogatories by April 19, 2019, or else, the Court |

| | | |
|---|---|---|
| | | will impose a $100 dollar-a-day sanction until they are signed. The Court also orders Plaintiff's counsel to produce 100% of documents that have been asked for by the Defendant by April 22, 2019. The Court directs Defendant's counsel (Craig Albert, Esq.) to provide the Court and Plaintiff's counsel the billing records by May 1, 2019; Plaintiff's opposition due May 15, 2019; Defendant's reply due May 22, 2019. The Court also orders Mr. Liebowitz to provide accurate supporting documentation that confirms his emergency causing him to be absent from the previously scheduled April 12, 2019 conference by May 1, 2019, or else, he will be paying for Mr. Albert's incurred expenses for appearing at the April 12 conference. See transcript. (Court Reporter Darby Ginsberg) (wc) (Entered: 04/19/2019) |
| 05/01/2019 | 35 | LETTER addressed to Judge Cathy Seibel from Craig J. Albert dated May 1, 2019 re: Time records. Document filed by Imagina Consulting, Inc..(Albert, Craig) (Entered: 05/01/2019) |
| 05/01/2019 | 36 | LETTER addressed to Judge Cathy Seibel from Richard Liebowitz dated May 1, 2019 re: Richard Liebowitz. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 05/01/2019) |
| 05/01/2019 | 37 | LETTER addressed to Judge Cathy Seibel from Craig J. Albert dated May 1, 2019 re: Report on plaintiff's failure to comply with order. Document filed by Imagina Consulting, Inc..(Albert, Craig) (Entered: 05/01/2019) |
| 05/01/2019 | 38 | MEMO ENDORSEMENT on re: 36 Letter filed by Jason Berger. ENDORSEMENT: This letter is not responsive to my instruction. Mr. Liebowitz was to document who passed away, when the person passed away and when Mr. Liebowitz was notified. The reason I requested documentation is that there is reason to believe Mr. Liebowitz is not being candid. So a letter from him does not advance the ball. When someone dies, there is documentation including a death certificate and (almost always) an obituary, and nowadays one's phone usually contains evidence of what one was told and when. Mr. Liebowitz may have until 5/3/19 to supplement this letter. SO ORDERED. (Signed by Judge Cathy Seibel on 5/1/2019) (mml) (Entered: 05/02/2019) |
| 05/01/2019 | 39 | MEMO ENDORSEMENT on re: 37 Letter filed by Imagina Consulting, Inc. ENDORSEMENT: At this point it seems that the absence of documents is going to hurt Plaintiff more than Defendant. Naturally Plaintiff will not be able to use anything he did not produce, and that may present insurmountable problems for him. In any event, what efforts were made to comply and when, and how it was that the first set of responses was so incorrect, can be explored via deposition. SO ORDERED. (Signed by Judge Cathy Seibel on 5/1/2019) (mml) (Entered: 05/02/2019) |
| 05/02/2019 | 40 | LETTER addressed to Magistrate Judge Judith C. McCarthy from Craig J. Albert dated May 2, 2019 re: Schedule settlement conference. Document filed by Imagina Consulting, Inc..(Albert, Craig) (Entered: 05/02/2019) |
| 05/03/2019 | 41 | NOTICE of Settlement . Document filed by Jason Berger. (Liebowitz, Richard) (Entered: 05/03/2019) |
| 05/06/2019 | 42 | LETTER addressed to Judge Cathy Seibel from Craig J. Albert dated May 6, 2019 re: Settlement and issues remaining unresolved. Document filed by Imagina Consulting, Inc.. (Albert, Craig) (Entered: 05/06/2019) |
| 05/07/2019 | 43 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, with prejudice against the defendant(s) Imagina Consulting, Inc. pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed |

| | | |
|---|---|---|
| | | by Jason Berger. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..**(Liebowitz, Richard) (Entered: 05/07/2019) |
| 05/07/2019 | 44 | AO 121 FORM COPYRIGHT - CASE TERMINATED- SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 05/07/2019 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (dt) (Entered: 05/07/2019) |
| 05/07/2019 | 45 | MEMO ENDORSEMENT on re: 42 Letter filed by Imagina Consulting, Inc. ENDORSEMENT: I'm glad the parties have resolved the case (and, I presume, the issue of Plaintiff's counsel's expenses for the April 12 conference), but there remains one open issue: Mr. Liebowitz's failure to document the death in the family that he says caused him to miss the conference. (See Doc. 38.). He was supposed to address that issue by May 3, but I will give him until May 9. Even if Defendant has been made whole, I still need to satisfy myself that there is no need for disciplinary or other inquiry. SO ORDERED. (Signed by Judge Cathy Seibel on 5/7/2019) (mml) (Entered: 05/07/2019) |
| 05/09/2019 | 46 | DECLARATION of Richard P. Liebowitz re: 45 Memo Endorsement,, . Document filed by Jason Berger. (Liebowitz, Richard) (Entered: 05/09/2019) |
| 05/13/2019 | 47 | ORDER TO SHOW CAUSE: Mr. Liebowitz is therefore ORDERED to SHOW CAUSE in writing, no later than May 16, 2019, why he should not be referred to the Court's Grievance Committee. His response to this Order to Show Cause shall include documentation or other evidence apart from his say-so regarding the death in the family that he says prevented him from attending the April 12 conference and timely notifying the Court and Defendant's counsel of his inability to attend. SO ORDERED. (Signed by Judge Cathy Seibel on 5/13/2019) (mml) (Entered: 05/14/2019) |
| 05/16/2019 | 48 | DECLARATION of Richard P. Liebowitz in Opposition re: 47 Order to Show Cause,,. Document filed by Jason Berger. (Liebowitz, Richard) (Entered: 05/16/2019) |
| 07/26/2019 | 49 | ORDER: Accordingly, it is hereby ORDERED that, on or before August 12, 2019, Richard Liebowitz shall on pain of contempt provide this Court with a copy of the death certificate of his grandfather who he says passed away on April 12, 2019. SO ORDERED. (Signed by Judge Cathy Seibel on 7/26/2019) (mml) (Entered: 07/26/2019) |
| 08/12/2019 | 50 | RESPONSE re: 49 Order, . Document filed by Jason Berger. (Liebowitz, Richard) (Entered: 08/12/2019) |
| 08/19/2019 | 51 | MEMO ENDORSEMENT on re: 50 Response filed by Jason Berger. ENDORSEMENT: The death of a loved one is indeed a personal matter, but whether Mr. Liebowitz has been candid with the Court is a professional matter, so he is not relieved from my Order that he produce the death certificate (Doc. 49). If he is for some reason concerned about the death certificate being available on the public docket, he may provide it directly to my chambers. If he does not do so by August 26, 2019, he will be in contempt of court and subject to monetary and other sanctions, and/or referral to this Court's Grievance Committee. SO ORDERED. (Signed by Judge Cathy Seibel on 8/19/2019) (mml) (Entered: 08/19/2019) |
| 08/26/2019 | 52 | DECLARATION of Richard P. Liebowitz in Opposition re: 51 Memo Endorsement,,. Document filed by Jason Berger. (Liebowitz, Richard) (Entered: 08/26/2019) |
| 09/27/2019 | 53 | MEMO ENDORSEMENT on re: 52 Declaration in Opposition filed by Jason Berger. ENDORSEMENT: There is nothing unlawful about my August 19, 2019 order. There was also nothing unclear about it. Likewise, Mr. Liebowitz's failure to comply is apparent beyond any reasonable doubt. Finally, he has not diligently attempted to comply. To the contrary, while maintaining that the death occurred (and thus implicitly conceding the existence of a death certificate), he has repeatedly refused to provide it, even after the |

| | | |
|---|---|---|
| | | Court made clear that his "good faith declarations" were insufficient and after the Court agreed that the document need not be publicly filed. He has not shown or even alleged an inability to comply. Accordingly, Mr. Liebowitz is hereby declared to be in contempt of court. Should he not comply with my August 19, 2019 Order by October 2, 2019, he will (without further order) be sanctioned $100 each business day (beginning October 2, 2019) until he does comply. Said payments are to be made to the Clerk of Court on each Monday, covering the previous week. In imposing this sanction I have considered the nature of the harm, the probable effectiveness of this sanction, and the resources of a practicing lawyer. Should this sanction prove insufficient, additional or different sanctions will be considered. SO ORDERED. (Signed by Judge Cathy Seibel on 9/27/2019) (ne) (Entered: 09/27/2019) |
| 10/02/2019 | 54 | LETTER MOTION for Conference re: 53 Memo Endorsement,,,,, addressed to Judge Cathy Seibel from Richard Liebowitz dated 10/2/19., LETTER MOTION to Stay re: 53 Memo Endorsement,,,,, addressed to Judge Cathy Seibel from Richard Liebowitz dated 10/2/19. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 10/02/2019) |
| 10/03/2019 | 55 | ORDER denying 54 Letter Motion for Conference and denying 54 Letter Motion to Stay: Mr. Liebowitz's letter does not state what purpose a conference would serve, nor does it provide any cause that would justify a stay of my September 27 Order. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 10/03/2019) |
| 10/03/2019 | 56 | SECOND LETTER MOTION for Conference re: 55 Order on Motion for Conference, Order on Motion to Stay,, addressed to Judge Cathy Seibel from Richard Liebowitz dated 10/3/19. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 10/03/2019) |
| 10/04/2019 | 57 | ORDER denying 56 Letter Motion for Conference: On 10/2/19, Mr. Liebowitz asked for a conference and a stay of my 9/27/19 Order. I denied the application, stating, "Mr. Liebowitz's letter does not state what purpose a conference would serve, nor does it provide any cause that would justify a stay of my September 27 Order." Today Mr. Liebowitz filed another letter requesting the same relief. It likewise fails to state what purpose a conference would serve or provide any cause that would justify a stay of my September 27 Order, and therefore the application is denied. As evidenced by his responses to my earlier orders regarding the death certificate, Mr. Liebowitz seems to think that it makes sense, upon learning that an submission is insufficient, to keep filing similarly insufficient submissions. It does not. Mr. Liebowitz is ordered to refrain from filing any further requests for a conference unless the request explains specifically the purpose to be served by the conference. Mr. Liebowitz is further ordered to refrain from filing any further requests for a stay unless the request explains specifically why a stay would be justified. Mr. Liebowitz's first payment of the contempt sanction is due in the Office of the Clerk of Court on Monday, October 7, 2019. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 10/04/2019) |
| 10/07/2019 | 58 | LETTER MOTION for Extension of Time addressed to Judge Cathy Seibel from Richard Liebowitz dated 10/7/19. Document filed by Jason Berger.(Liebowitz, Richard) (Entered: 10/07/2019) |
| 10/07/2019 | 59 | ORDER denying 58 Letter Motion for Extension of Time: Application denied. Mr. Liebowitz has known since May that he was required to provide documentation of the death, and was specifically ordered in July to provide the death certificate. He has had plenty of time to obtain it and I cannot fathom why he did not prioritize that task. Nor do I see any reason to stay the sanctions order. Mr. Liebowitz was supposed to pay his contempt fine today, and the application for an extension came at 8:34 pm, well after the Clerk's Office closed. If that means that Mr. Liebowitz did not pay the $300 he has accrued beginning October 2, 2019, that means he is in contempt not only of my 8/19/19 Order, but also of my 9/27/19 order. I really do not want to have to pile contempt sanctions on top of |

| | | |
|---|---|---|
| | | contempt sanctions, so Mr. Liebowitz needs to stop trying to put off his obligations and instead he should just meet them. He needs to pay the $300 tomorrow, and he needs to submit the death certificate if he wants to stop additional payments from accruing. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 10/07/2019) |
| 11/01/2019 | 60 | ORDER AND ORDER TO SHOW CAUSE: Richard Liebowitz, Plaintiff's counsel in this case, is now in contempt of my August 19, 2019 and September 27, 2019 orders. (See Docs. 51, 53.) The $100 fine he accrues each business day has plainly been ineffective to coerce compliance with the August 19, 2019 Order. Accordingly, the daily contempt sanction is hereby increased to $500 a day, effective November 6, 2019. Starting on that date, Mr. Liebowitz will be sanctioned $500 per business day (payable on Monday of each week, or Tuesday if the office of the Clerk of Court is not open on Monday) until he has complied in full with my August 19, 2019 and September 27, 2019 Orders. Further, Mr. Liebowitz is hereby ORDERED to appear before this Court in person on November 13, 2019 at 10 a.m., and there and then SHOW CAUSE why he should not be incarcerated until such time as he complies with the above-described orders (and, if applicable, the instant order). Failure to appear as directed will subject Mr. Liebowitz to arrest by the United States Marshals Service without further notice. Show Cause Hearing set for 11/13/2019 at 10:00 AM before Judge Cathy Seibel. (Signed by Judge Cathy Seibel on 11/1/2019) (mro) Transmission to Finance Unit (Cashiers) for processing. (Entered: 11/04/2019) |
| 11/13/2019 | | Minute Entry for proceedings held before Judge Cathy Seibel: Show Cause Hearing held on 11/13/2019. Plaintiff's counsel, Richard Liebowitz, Esq., appears with counsel (Richard Greenberg, Esq.) in response to the Order to Show Cause issued by the Court on November 1, 2019. The Court declines to vacate the findings of contempt based on failure to produce death certificate and failure to pay contempt sanctions, finding that Mr. Liebowitz willfully lied to the Court and willfully failed to comply with lawful Court orders. The certificate having been produced through counsel, and Mr. Liebowitz having paid $3700 in sanctions, the Court finds Mr. Liebowitz no longer in contempt. There is no further need for sanctions. The Court will defer to the Grievance Committee as to further action. Mr. Liebowitz's counsel is directed by the Court to notify chambers by 5:00 p.m. today (November 13, 2019) if anything should be redacted from his submission other than what the Court has specified. If not, the document should be filed by 5:00 p.m. today with the Court-ordered redactions. See transcript. (Court Reporter Darby Ginsberg) (wc) (Entered: 11/26/2019) |
| 11/14/2019 | 61 | LETTER addressed to Judge Cathy Seibel from Richard A. Greenberg dated 11/11/2019 re: For the reasons set forth below, I respectfully request that the Court vacate its two contempt orders, declare Richard's respectful penalties satisfied, and permit him to continue to practice before this Court. (mml) (Entered: 11/14/2019) |
| 01/02/2020 | 62 | TRANSCRIPT of Proceedings re: Order to show cause held on 11/13/2019 before Judge Cathy Seibel. Court Reporter/Transcriber: Darby Ginsberg, (914) 390-4102. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/23/2020. Redacted Transcript Deadline set for 2/3/2020. Release of Transcript Restriction set for 4/1/2020. (Ginsberg, Darby) (Entered: 01/02/2020) |
| 01/02/2020 | 63 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Order to show cause proceeding held on 11/13/2019 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically |

available to the public without redaction after 90 calendar days...(Ginsberg, Darby) (Entered: 01/02/2020)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/01/2020 00:36:49 | | | |
| **PACER Login:** | pg0083 | **Client Code:** | 2607112.00400/18270 |
| **Description:** | Docket Report | **Search Criteria:** | 7:18-cv-08956-CS |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |