UNITED STATES DISTRICT COURT
DISTRICT OF OREGON (EUGEN DIVISION)

| | |
|---|---|
| JAMES FORTUNE,<br><br>         Plaintiff,<br><br> - against -<br><br>COMBINED COMMUNICATIONS, INC.<br><br>         Defendant. | Docket No. 6:19-cv-01236-MC |

**PLAINTIFF'S OPPOSITION TO THIRD-PARTY DEFENDANT'S MOTION TO RECONSIDER RICHARD LIEBOWITZ'S APPLICATION FOR SPECIAL ADMISSION**

  Plaintiff James Fortune, via counsel, respectfully submits this opposition in response to third-party defendant Triton Digital, Inc. ("Triton")'s motion to reconsider the application for special admission – *pro hac vice of* Richard Liebowitz, Plaintiff's counsel.

  Triton attempts to condemn Mr. Liebowitz for not following the Rules of other courts; but then, in an effort to preclude Mr. Liebowitz's representation in this proceeding, Triton asks this Court to disregard the language provided by the District of Oregon's *pro hac vice* form as mere "semantics".

  Specifically, the form provided on the Court's website, entitled "Motion for Leave to Appear *Pro Hac Vice*" (the "PHV Form"), contains a section 3 captioned "Certification of Disciplinary Actions." The PHV Form asks applicants to certify whether they have been "subject to disciplinary action by a state or federal bar association." [Dkt. # 8, p. 2]

Mr. Liebowitz used the required PHV Form as the template to file his motion for special admission. [Dkt. #8] Mr. Liebowitz is entitled to rely on the language specifically provided by the PHV Form which only asks about disciplinary proceeds before a "bar association." <u>Mr. Liebowitz has never been disciplined by any bar association, state or federal</u>.

The PHV Form does <u>not</u> ask whether applicants have been subject to disciplinary actions by courts. As such, Mr. Liebowitz did not contravene any rule or order in the process of filing his *pro hac vice* application, nor did he make any inaccurate representations to the Court.

Notwithstanding, Defendant seeks revocation of Mr. Liebowitz's *pro hac* status on grounds that he has been sanctioned by other courts in unrelated proceedings. Mr. Liebowitz contends that he has filed over 2100 federal lawsuits in the last four years, but has been sanctioned in less than 0.007 percent of cases filed. The rate of sanctions imposed against Mr. Liebowitz is statistically insignificant and should not provide a grounds to revoke his *pro hac vice* status.

Moreover, Mr. Liebowitz has been unfairly targeted for sanctions and has been inequitably subjected to discipline for trivial infractions that cause no prejudice to the opposing party. Put another way, defense counsel are constantly "trolling" Mr. Liebowitz for sanctions as a major component of their litigation strategy.

Indeed, in over 99.9% of cases filed, Mr. Liebowitz has <u>not</u> been subject to any disciplinary action whatsoever. There is no reasonable grounds to assert that Mr. Liebowitz will fail to comply with Court orders or local rules in this proceeding.

Based on the foregoing, Triton's motion should be DENIED.

Dated:	February 14, 2020
	Valley Stream, NY                    Respectfully submitted:

**/s/richardliebowitz/**
Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff James Fortune*