Stephanie E. L. McCleery, OSB #115834
Email: stephanie.mccleery@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 228-3200\Fax: (503) 248-9085
        Attorneys for Triton Digital, Inc.

*(additional counsel on signature page)*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JAMES FORTUNE,<br><br>        Plaintiff,<br>v.<br>COMBINED COMMUNICATIONS, INC.,<br><br>        Defendant. | Case No. 6:19-cv-01236-MC<br><br>**TRITON DIGITAL, INC.'S REPLY IN SUPPORT OF ITS FRCP 60(B)(3) MOTION TO RECONSIDER APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE* OF RICHARD LIEBOWITZ** |
| COMBINED COMMUNICATIONS, INC.,<br><br>        Third-Party Plaintiff,<br>v.<br>TRITON DIGITAL, INC.,<br><br>        Third-Party Defendant. | |
| TRITON DIGITAL, INC., a Delaware corporation,<br><br>        Third-Party Plaintiff,<br>v.<br>ENVISIONWISE LLC, an Illinois limited liability company,<br><br>        Third-Party Defendant. | |

PAGE 1 – TRITON DIGITAL, INC.'S REPLY IN SUPPORT OF
MOTION TO RECONSIDER PRO HAC VICE ADMISSION OF
RICHARD LIEBOWITZ

## INTRODUCTION

Triton Digital, Inc. ("Triton") questions the propriety of Mr. Richard Liebowitz's ("Mr. Liebowitz") admission to this Court *pro hac vice*. Mr. Liebowitz has a history of playing fast and loose with courts, the rules, and opposing counsel – all to extort unjustified settlements on allegedly registered copyrights that may be non-existent or for which he has no legal right to enforce. In fact, Mr. Liebowitz's opposition to Triton's motion to reconsider his *pro hac* admission illustrates the problems that concern Triton.

*First*, Mr. Liebowitz implies that Triton is "condemning" him only for not following Rules of other courts. While he has an extensive history of non-compliance and outright contempt of rules of other courts, he has also flouted the Rules of this District and this Court.[1]

*Second*, the point of the question on the *pro hac vice* application regarding disciplinary action is to ascertain whether an attorney has been disciplined for misconduct. Voluntary bar associations such as the Federal Bar Association or the New York Bar Association do not administer discipline, so it begs the question to literally ask whether an attorney has been disciplined by a voluntary association.

*Third*, Mr. Liebowitz seems remarkably proud of his sanctions record, but his math is incorrect. To have only been sanctioned at the rate he claims, he would have been sanctioned in only one of 15,000 cases – a number far exceeding even the heady volume of matters he has filed. While he claims the rate of sanctions imposed is "statistically insignificant," the fact that sanctions were imposed on a new lawyer is, alone, significant. That he has been on the receiving end of more than 15 orders for sanctions in four years is particularly noteworthy.

---

[1] Local Rules 83-1, 83-3.

PAGE 2 – TRITON DIGITAL, INC.'S REPLY IN SUPPORT OF MOTION TO RECONSIDER PRO HAC VICE ADMISSION OF RICHARD LIEBOWITZ

*Finally*, Mr. Liebowitz claims that sanctions were imposed for "trivial infractions that cause no prejudice to the opposing party." No doubt opposing parties would disagree, but, more importantly, the judges repeatedly point out that prejudice to opposing parties — as well as inconvenience and disrespect for the courts — do matter. Further, his bald assertion demonstrates the kind of liberties Mr. Liebowitz takes with facts that have been a hallmark of sanctions orders against him.

It is clear that Mr. Liebowitz has no respect for the practice of law, his opponents, or the Court. Thus, his admission to appear *pro hac vice* before this Court should be revoked.

## MR. LIEBOWITZ HAS VIOLATED THE RULES OF THIS COURT

Mr. Liebowitz's non-compliance with the rules in this Court began with his initial filing. According to this Court's local rules, an out-of-state lawyer must apply for admission in each case in which the lawyer seeks to appear, must pay the admission fee, and make certifications to this Court. *See* LR 83-3(a). "The filing of any document constitutes an appearance by the attorney who signs the document." LR 83-9. "Only attorneys generally or specifically admitted pursuant to this rule may practice in the district and bankruptcy courts of the District of Oregon." LR 83-1(a). "Any person who exercises any of the privileges of a member of the bar of this Court without being entitled to do so is guilty of contempt." LR 83-1(d).

Mr. Stevens filed a *pro hac vice* application for Mr. Liebowitz to appear in this district in *Alcorn v. Alpha Media LLC*, U.S. District of Oregon Case No.: 3:19-cv-01193-SB (2019) on August 5, 2019 (Dkt. No. 5) (attached as Exhibit 11 to Declaration of Stephanie McCleery, February 28, 2020 ("McCleery Decl."), filed herewith). In that *pro hac vice* application, Mr. Liebowitz represented that he had read and was familiar with the Local Rules of this Court, and that he understood that his "admission to the Bar of the United States District Court for the District of Oregon is *solely for the purpose of litigating in the above matter and will be terminated upon*

*the conclusion of this matter*." *Id.* (emphasis added). Once that motion was filed, however, Mr. Liebowitz registered for an ECF account in the District of Oregon, then on August 7, filed the complaint in this action. Dkt. 1. Over the following weeks, he filed several additional cases using that same ECF account, but without following the Local Rules regarding admission *pro hac vice* and clearly in violation of his oath in his application in *Alcorn*.

| Case No. | Case Caption | Date Filed |
|---|---|---|
| 3:19-cv-01237-MO | Craig v. Jerry Jazz Musician, LLC | August 7, 2019 |
| 1:19-cv-01248-CL | Adlife Marketing & Communications Company, Inc. v. C & K Market, Inc. | August 8, 2019 |
| 6:19-cv-01258-MK | Newell v. Western Communications, Inc. | August 11, 2019 |
| 6:19-cv-01394-AA | Stross v. Smith Rock Masonry Company LLC | August 30, 2019 |
| 3:19-cv-01646-JR | Sadowski v. Alpha Media LLC | October 14, 2019 |
| 6:19-cv-01756-MC | Karelic v. Aqua Serene Inc. | November 1, 2019 |

Indeed, in the case before this Court, Mr. Liebowitz did not file an application to appear *pro hac vice* until the Court threatened to dismiss the action. Dkt. Nos. 7, 8. Therefore, contrary to Mr. Liebowitz's argument that Triton seeks to preclude him from practicing in this Court based only on his misconduct in other courts, Triton seeks to preclude Mr. Liebowitz from appearing *pro hac vice* in this court because he has committed misconduct in this case, has no respect for the rules of this or any other court, and was in contempt of court the moment he filed this case.

**MR. LIEBOWITZ'S OMISSION OF HIS EXTENSIVE SANCTIONS HISTORY WAS DISINGENUOUS AT BEST**

This District's *pro hac vice* application asks prospective out-of-state-licensed attorneys to certify "I am not now, nor have I ever been, subject to any disciplinary action by any state or federal bar association." The obvious point of this question is to assess the character and fitness

PAGE 4 – TRITON DIGITAL, INC.'S REPLY IN SUPPORT OF
MOTION TO RECONSIDER PRO HAC VICE ADMISSION OF
RICHARD LIEBOWITZ

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

of an attorney barred outside of Oregon without undertaking extensive background checks by asking the attorney to self-disclose past disciplinary issues. Mr. Liebowitz chose not to be candid with this Court in his application, but then inexplicably decided to disclose an incomplete list of sanctions he had received in his *pro hac* motion in *Craig v. Jerry Jazz Musician,* 3:19-cv-01237-MO. (Dkt. 32-1 at pp.6-11). As discussed in Triton's Motion to Reconsider (Dkt. 32), Mr. Liebowitz has a history of misrepresentations in and to federal courts. In fact, one court remarked that Mr. Liebowitz's submissions are plagued by "a pattern of omissions and misrepresentations." McCleery Decl. Ex. 2.

## MR. LIEBOWITZ'S RATE OF SANCTIONS IS STUNNING

In his opposition, Mr. Liebowitz argues that in light of the volume of his cases, his rate of sanctions is "statistically insignificant." Opposition (Dkt. 35) at 2. Law is a precise, not a volume, profession. There is no statistically acceptable margin of error - we are concerned with quality, not quantity. And the quality of Mr. Liebowitz's work leaves something to be desired, as do his mathematics. He or his clients have been sanctioned in over 15 cases, and there is at least one additional case in which sanctions are expected against Mr. Liebowitz for misconduct. *See Usherson v. Bandshell Artist Management,* Southern District of New York, Case 1:19-cv-06368-JMF. He has been sanctioned in far more than .007% of his cases. That is statistically significant when you compare Triton's counsel of record, who, despite having active litigation practices for a combined 50 years, have a sanctions rate of 0.00%. Indeed, it is unusual to find attorneys with so little respect for the system that they are repeatedly sanctioned for the same failures and omissions.

## MR. LIEBOWITZ'S CONDUCT HAS BEEN PREJUDICIAL TO HIS OPPONENTS AND A DRAIN ON COURT RESOURCES

In his Opposition, Mr. Liebowitz claims that sanctions were imposed for "trivial infractions that cause no prejudice to the opposing party." Opposition (Dkt. 35) at 2. Judges clearly disagree.

PAGE 2 – TRITON DIGITAL, INC.'S REPLY IN SUPPORT OF MOTION TO RECONSIDER PRO HAC VICE ADMISSION OF RICHARD LIEBOWITZ

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

For context, Triton has summarized the sanctions orders each of the entries in the list of sanctions that he did disclose in *Craig v. Jerry Jazz Musician,* 3:19-cv-01237-MO. (Dkt. 32-1 at pp.6-11).

- <u>*Steeger v. JMS Cleaning Servs., LLC*, No. 17CV8013(DLC) (S.D.N.Y.)</u>:

Mr. Liebowitz's summary indicated that he was sanctioned for failing to file the notice of initial case management on defendant and omitted information concerning the parties' communications which caused defendant to incur additional costs but that neither were prejudicial or actually caused defendant to incur costs. Dkt. 32-1 at 10.

In that case, Mr. Liebowitz did fail to serve documents per the court's order. But he also requested an adjournment of a pretrial conference date representing that because the defendant had not yet answered, plaintiff intended to file for a default judgment. McCleery Decl., Ex. 1 at *3. What Mr. Liebowitz omitted, however, was that counsel for defendant had been in contact with him for six months attempting to settle the matter. *Id.* Further, his failure to serve defense counsel in that case resulted in defense counsel and defendant - a mom-and-pop cleaning service - showing up to the hearing that Mr. Liebowitz did not attend. *Id.*

- <u>*Anderson v. Outhouse PR, LLC*, 1:17-cv-06722-LTS-BCM (S.D.N.Y.)</u>:

Mr. Liebowitz describes the sanction as the result of failure to serve initial disclosures. Dkt. 32-1 at 10.

Mr. Liebowitz did fail to serve initial disclosures on December 18, 2017 pursuant to the court's Initial Scheduling and Case Management Order, but then when his failure was brought to his attention by the court on January 20, 2018, he still ignored his duties. Only after the court issued an order to show cause on March 27, 2018, did Mr. Liebowitz serve initial disclosures. McCleery Decl., Ex. 3.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

- *Romanowicz v. Alister & Paine, Inc.*, 1:17-cv-08937-PAE-KHP (S.D.N.Y.):

Mr. Liebowitz characterizes his failings as failure to attend a hearing and failure to effect service of process. Dkt. 32-1 at 10.

In reality, Plaintiff sought a default judgment, and the court had ordered an inquest on damages. Mr. Liebowitz simply did not attend and further never served any of the default judgment paperwork on defendant. McCleery Decl., Ex. 4.

- *Seidman v. GAX Productions, LLC*, 1:18-cv-02048-RA-BCM (S.D.N.Y.):

Mr. Liebowitz indicates that he was sanctioned for failing to provide adequate discovery responses. Dkt. 32-1 at 10.

In *Seidman*, Mr. Liebowitz served interrogatory responses that were unsigned by plaintiff. Despite the court's reminding Mr. Liebowitz via order that per the Federal Rules, interrogatory responses must be signed under oath, Mr. Liebowitz responded with a letter declaring the unsigned responses "sufficient." As a result, defense counsel was forced to move to compel. McCleery Decl., Ex. 5 at p.3.

- *Chicoineau v. Bonnier Corporation*, 1:18-cv-03264-JSR-OTW (S.D.N.Y.):

Mr. Liebowitz disclosed he was sanctioned for failure to appear at a final pretrial conference (Dkt. 32-1 at 10), but the sanction was because both the court and defense counsel did show up to the conference. McCleery Decl., Ex. 6.

- *Craig v. UMG Recordings, Inc.*, 1:16-cv-05439-JPO (S.D.N.Y.):

Mr. Liebowitz maintains that he was sanctioned nearly $100,000 in attorneys' fees for a motion to disqualify an expert that he apparently still believes was meritorious. Dkt. 32-1 at 10.

The *Craig* court was especially irked by Mr. Liebowitz's lack of candor to the court. In his moving papers, he omitted the fact that the claimed "confidential information" was actually

disclosed <u>from</u> the expert <u>to</u> Craig.  Had Mr. Liebowitz disclosed that information, it would have been dispositive of his motion under even a "basic understanding of the applicable law," and the court could have avoided a "wasteful evidentiary hearing."  *Craig v. UMG Recordings, Inc.*, 380 F.Supp.3d 324, 338-339 (S.D.N.Y March 29, 2019) (attached, for the Court's convenience, as McCleery Decl., Ex. 7).

- *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447(JMF) (S.D.N.Y.):

Mr. Liebowitz blames his failure to attend mediation on his client's inability to attend, and argues he did not believe the court had jurisdiction to hold a Rule 16 hearing once the partied filed a stipulation of dismissal.  Dkt. 32-1 at 10.

The *Rice* court was also clearly frustrated by Mr. Liebowitz's "multiple and willful violations of the Court's orders" and "for his repeated failure to comply with this Court's orders, failures that imposed considerable and unwarranted costs on the Court, its staff, and Defendant." McCleery Decl., Ex. 8 at 1.  There, from its answer onward, defendant maintained it had a license, and the court noted that early mediation would have resolved the claim.

- *Sands v. Bauer Media Group USA, LLC*, 1:17-cv-09215-LAK (S.D.N.Y.):

Mr. Liebowitz maintains that all he failed to do was produce four pages of material documents for the first time on summary judgment but that the defendant suffered no prejudice of any kind because defendant failed to conduct discovery.  Dkt. 32-1 at 11.

Again, Mr. Liebowitz plays fast and loose with the facts.  In reality, the material disclosed for the first time in an opposition to summary judgment was basic initial disclosures information regarding the history of licensing of the photo at issue. McCleery Decl., Ex. 8 at *4. Further, the court noted that Bauer Media Group did, in fact, serve document requests to which the licensing information would have been responsive.  *Id.*

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

- *Polaris Images Corporation v. CBS Interactive, Inc.*, 1:19-cv-03670-VEC (S.D.N.Y.)[2]:

Mr. Liebowitz again failed to serve licensing information in *Polaris* but maintains there was no prejudice and it was harmless error on his part.  Dkt. 32-1 at 11.

Mr. Liebowitz does not seem to understand the significance of licensing information in copyright actions despite the fact that copyright is all he practices.  McCleery Decl., Ex. 10 at 2. The court, again realizing that licensing information being provided to defendant could hasten settlement at mediation, required licensing information to be served in advance of mediation. *Id.* Mr. Liebowitz chose not to comply.  *Id.*

## CONCLUSION

It is clear that Mr. Liebowitz has no regard for the rules of federal courts generally, or this Court specifically.  He has a problematic history with facts, and thinks his judgment can be substituted for that of federal judges'.  Triton respectfully requests that this Court revoke Mr. Liebowitz's permission to appear *pro hac vice* in this matter.

---

[2] Note that in the *Polaris* order, the court also imposed sanctions previously held in abeyance in *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416, (S.D.N.Y.) Dkt. 31, but Mr. Liebowitz chose not to include *Dvir* in his list of sanctions.

K&L GATES LLP
1 SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

RESPECTFULLY SUBMITTED this 28th day of February, 2020.

K&L GATES LLP

By: *␣/s Stephanie E. L. McCleery*
          Stephanie E. L. McCleery
          Email: stephanie.mccleery@klgates.com
          Stewart N. Mesher (*pro hac vice*)
          Email: stewart.mesher@klgates.com
          Darlene F. Ghavimi (*pro hac vice*)
          Email: darlene.ghavimi@klgates.com
          K&L Gates LLP
          2801 Via Fortuna, Suite 350
          Austin, TX 78746
          Attorneys for Third-Party Defendant and
          Third Party Plaintiff Triton Digital, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2020, I caused to be served a copy of

the foregoing THIRD PARTY DEFENDANT TRITON DIGITAL, INC.'S REPLY IN

SUPPORT OF MOTION TO RECONSIDER PRO HAC VICE ADMISSION OF RICHARD

LIEBOWITZ upon all counsel of record listed below via the Court's CM/ECF electronic

service system.

ATTORNEYS FOR PLAINTIFF:

| | |
|---|---|
| Michael O. Stevens | Richard P. Liebowitz |
| Stevens & Legal LLC | Liebowitz Law Firm, PLLC |
| 3699 NE John Olsen Avenue | 11 Sunrise Plaza |
| Hillsboro, OR 97124 | Suite 305 |
| 971-533-6178 | Valley Stream, NY 11580 |
| Fax: 971-228-2608 | 516-233-1660 |
| Email: michael@hillsborofirm.com | Fax: 516-612-2740 |
| | Email: rl@liebowitzlawfirm.com |

ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF:

Geoffrey C. Chackel
Chackel Law, P.C.
11440 W Bernardo Court
Suite 300
San Diego, CA 92127
619 567 2454
Fax: 619 452 1212
Email: geoff@chackellaw.com

DATED this 28th day of February, 2020.

By: _/s Stephanie E. L. McCleery_____
        Stephanie E. L. McCleery
        Attorneys for Third-Party Defendant
        Triton Digital, Inc.