Case 6:19-cv-01236-MC    Document 42-1    Filed 02/28/20    Page 1 of 4

**Steeger v. JMS Cleaning Services LLC, Not Reported in Fed. Supp. (2018)**
2018 WL 1136113, 126 U.S.P.Q.2d 1043

KeyCite Red Flag - Severe Negative Treatment

Opinion Vacated in Part on Reconsideration by Steeger v. JMS Cleaning Services, LLC, S.D.N.Y., March 15, 2018

2018 WL 1136113
United States District Court, S.D. New York.

Paul STEEGER, Plaintiff,
v.
JMS CLEANING SERVICES LLC, Defendant.

17cv8013(DLC)
|
Signed 02/28/2018

**Attorneys and Law Firms**

For the plaintiff: Richard P. Liebowitz, Liebowitz Law Firm, PLLC, 11 Sunrise Plaza, Suite 305, Valley Stream, NY 11580.

For the defendant: Stephanie Furgang Adwar, Furgang & Afwar, LLP, 2 Crosfield Avenue, West Nyack, NY 10994.

MEMORANDUM OPINION AND ORDER

DENISE COTE, United States District Judge

**\*1** On October 18, 2017, Paul Steeger filed this copyright action. He is represented by Richard Liebowitz, who has been labelled a copyright "troll." McDermott v. Monday Monday, LLC, 17cv9230(DLC), 2018 WL 1033240, at \*3 n.4 (S.D.N.Y. Feb. 22, 2018).[1] The defendant is a "mom and pop" office cleaning service. As became apparent over the brief history of this litigation, the defendant had downloaded a photograph of a leaf from a free download site. It displayed that photograph on its website sometime in 2013. The copyright for the photo was filed on March 11, 2017, well after the allegedly infringing use. Similar photos of leaves are available online for a license of about $12. The defendant removed the photo from its website as soon as it was notified, in July, that the plaintiff might file suit.

[1]  Mr. Liebowitz has filed over 500 cases in this district in the past twenty-four months. Sixteen of those cases have been before this Court.

A Memorandum Opinion and Order of January 26, 2018 ("January 26 Order") required Mr. Liebowitz to show cause by February 2 why he should not be sanctioned, pursuant to Rule 11 and the Court's inherent power, for the following conduct:

1) his failure to serve the November 9, 2017 Notice of Pretrial Conference;

2) the misrepresentations and omissions in his January 13, 2018 letter to the Court; and

3) costs needlessly imposed on the defendant.

The January 26 Order outlined the procedural history of the case, including Mr. Liebowitz's failure to serve the Notice of Pretrial Conference on defendant, his delay in serving the Complaint on the defendant, and his failure to communicate with the defendant effectively concerning settlement.

In his February 2 response, Mr. Liebowitz acknowledges that he failed to serve the Court's Notice of Pretrial Conference on the defendant, as he was required to do. He contends that the failure was "inadvertent," and argues that the defendant was not prejudiced since it independently learned of the date of the conference.

Mr. Liebowitz argues that his January 13 letter to the Court contained no misrepresentations and that the law did not impose upon him the duty to say more than he did. The January 13 letter had requested an adjournment of the initial pretrial conference scheduled to occur on January 19, on the ground that the defendant had not responded to the complaint and the plaintiff intended to file a motion for a default. That letter did not reveal that plaintiff's counsel had been in communication with attorneys for the defendant since July, as described in the January 26 Order. Mr. Liebowitz argues that, in the event the Court finds that he should have included more information in the January 13 letter, his omissions did not rise to the level of bad faith.

Finally, Mr. Liebowitz argues that it was the defendant who needlessly made the litigation more expensive by (among other things) failing to waive service, to update its address with the Secretary of State, and to answer or request an extension of the time to answer.

**\*2** On February 5, counsel for the defendant requested that the Court grant the defendant its costs and attorney's fees, and impose a bond requirement on the plaintiff to cover the defendant's costs or dismiss this action. Among other things, the submission took issue with the accuracy of several representations in Mr. Liebowitz's February 2 submission.

Case 6:19-cv-01236-MC    Document 42-1    Filed 02/28/20    Page 2 of 4

Steeger v. JMS Cleaning Services LLC, Not Reported in Fed. Supp. (2018)
2018 WL 1136113, 126 U.S.P.Q.2d 1043

The plaintiff was required to respond by February 12. In an application of February 6, the defendant retracted its February 5 requests in order to proceed with a settlement agreement reached between the plaintiff and defendant.

In a February 12 submission, Mr. Liebowitz argued again that there was insufficient evidence that he acted in bad faith. On February 22, the plaintiff voluntarily dismissed this action with prejudice pursuant to Rule 41(a)(1)(A)(i).

This is not the first time Mr. Liebowitz has failed to serve a Notice of a Pretrial Conference on a defendant. Although not disclosed by Mr. Liebowitz, defendant informed the Court that Mr. Liebowitz failed to serve a similar notice of pretrial conference in a case before The Honorable Ronnie Abrams. See Al Pereira v. Kendall Jenner, Inc., 17cv6945(RA). On November 28, 2017, two days before the conference was scheduled, the defendant in that case wrote to Judge Abrams to request to attend by telephone, as it had only learned of the conference that day. The plaintiff, represented by Mr. Liebowitz, had not served defendant with the court's September 14 pretrial Order, even though it was instructed to do so.

This Court's Notice of Pretrial Conference was issued on November 9. After the Al Pereira defendant's November 28 letter, Mr. Liebowitz was on notice to review his cases for pretrial orders and notices and to, when ordered to do so, serve them on defendants. In fact, on November 28, a Notice of Pretrial Conference was filed in another copyright case before this Court filed by Mr. Liebowitz. McDermott v. Monday Monday, 17cv9230(DLC), LLC, ECF No. 5. And yet, Mr. Liebowitz also failed to serve the Notice of Pretrial Conference in that case. McDermott v. Monday Monday, LLC, 17cv9230(DLC), 2018 WL 1033240, at *1 n.1 (S.D.N.Y. Feb. 22, 2018).

A "Court may impose an appropriate sanction on any attorney" if it determines that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c)(1). An attorney has violated Rule 11(b) when he "present[s] to the court a pleading, written motion, or other paper" that is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Sanctions are considered a "deterrent" and, "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." 1993 Advisory Committee Notes to Fed. R. Civ. P. 11. A court can weigh multiple, non-exclusive factors in determining if an imposition of sanctions is appropriate:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations. The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons.

**\*3** Id. (emphasis added). Moreover,

> [t]he court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. This power may likewise be exercised where the party or the attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000).

Case 6:19-cv-01236-MC      Document 42-1      Filed 02/28/20      Page 3 of 4

Steeger v. JMS Cleaning Services LLC, Not Reported in Fed. Supp. (2018)
2018 WL 1136113, 126 U.S.P.Q.2d 1043

Mr. Liebowitz should be sanctioned for his failure to serve the Notice of Pretrial Conference. Mr. Liebowitz's claim that his failure to serve JMS Cleaning Services, LLC with the Notice of Pretrial Conference was "inadvertent" and an "honest mistake" is unpersuasive given his prior practice before this Court and in this district.

Service of such a Notice is essential to the efficient administration of cases before this Court. The Notice of Pretrial Conference is often a defendant's first introduction the Court. Accordingly, a copy of the Court's individual practices is required to accompany service of the Notice. Of course, the Pretrial Conference itself is an integral component of a trial: the parties have an opportunity to discuss the case with the Court, a discovery and motion practice schedule is set, and, often, a trial date is selected. To deprive an adversary of notice of such a conference—and to assume that it will discover the details by looking on the Electronic Case Filing ("ECF") system—is to interfere with the ability of a court to manage its docket and with the parties' ability to manage their litigation.

In the Court's experience, a properly served Notice of Pretrial Conference often prompts a defendant to answer, to request an extension to answer, to obtain counsel, or to otherwise begin active participation in the litigation. Indeed, that is precisely what happened in this case: defendant sprang into action after learning about the conference. The defendant's principal, upon learning of the conference two months after the Notice was filed on ECF and only one week before the scheduled conference, appeared for the conference even though he had not yet officially responded to the complaint.

Sanctions are also warranted for Mr. Liebowitz's omissions in his January 13 letter. The January 13 letter omitted key details of the parties' communications. The letter stated only that the defendant had yet to respond to the complaint, suggesting that the defendant was wholly unresponsive or otherwise absent from the litigation and, as a result, the plaintiff was prepared to file a motion for a default judgment.

This characterization was misleading. Plaintiff had spoken with defendant's counsel on multiple occasions before filing the January 13 letter. The defendant had attempted settlement negotiations. By requesting an adjournment of the conference and suggesting that he move for a default judgment, without this key context, Mr. Liebowitz needlessly delayed and prolonged litigation. A conference would have allowed Court to discuss service issues with the parties, as well as a settlement schedule, and a parallel discovery and dispositive motion practice schedule if settlement were not to succeed. Moreover, Mr. Liebowitz's letter gave the impression that the defendant was delinquent when, in fact, the defendant had tried on multiple occasions to avoid, and eventually resolve, litigation. Indeed, the defendant, having independently learned of the initial conference (but not its adjournment) appeared at court for the initial conference. In sum, the January 13 letter misled the Court as to the defendant's participation in the litigation.

 *4  Finally, Mr. Liebowitz has needlessly imposed costs on the defendant. The defendant had expressed a desire to avoid litigation through settlement before Mr. Liebowitz even filed this lawsuit. Now, Mr. Liebowitz has abandoned litigation and, presumably, resolved this case privately with the defendant. The defendant has likely expended significant financial—and emotional—resources defending this lawsuit. The defendant consulted with at least two attorneys and its owner appeared at a court conference which had been cancelled pursuant to Mr. Liebowitz request.

Mr. Liebowitz's failure to serve the Notice of Pretrial Conference, his material omissions in his January 13 letter, and his needless infliction of costs on the defendant are each independently sufficient to justify sanctions imposed pursuant to Rule 11 and the Court's inherent power. Taken together, Mr. Liebowitz's actions throughout the course of this litigation compel the Court to impose sanctions. Accordingly, it is hereby

ORDERED that, pursuant to this Court's inherent authority, and having weighed the factors listed in the Advisory Committee Notes to the 1993 Amendment to Rule 11, sanctions shall be imposed on Richard Liebowitz in the amount of $10,000. Mr. Liebowitz and Liebowitz Law Firm, PLLC are jointly and severally liable for the $10,000 sanction.

IT IS FURTHER ORDERED that by, Friday, March 9, the $10,000 sanction shall be paid to the Clerk of Court, U.S. District Court, Southern District of New York.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 1136113, 126 U.S.P.Q.2d 1043

Case 6:19-cv-01236-MC   Document 42-1   Filed 02/28/20   Page 4 of 4

**Steeger v. JMS Cleaning Services LLC, Not Reported in Fed. Supp. (2018)**
2018 WL 1136113, 126 U.S.P.Q.2d 1043

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.