UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELAYNE SEIDMAN,

    Plaintiff,

-against-

GAX PRODUCTIONS, LLC,

    Defendant.

18-CV-2048 (RA) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/6/18

**BARBARA MOSES, United States Magistrate Judge.**

By letter dated August 25, 2018 (Dkt. No. 19), defendant Gax Productions, LLC (Gax) sought a Local Civil Rule 37.2 conference regarding its request for an order (a) compelling plaintiff Helayne Seidman to answer all of its interrogatories and to sign her interrogatory answers, and (b) compelling plaintiff to produce additional documents responsive to its document production requests. On August 28, 2018, the Court issued an order (the Aug. 28 Order) (Dkt. No. 20) reminding the plaintiff that:

> [U]under Fed. R. Civ. P. 33(b), interrogatory responses must be signed, under oath, by the party "who makes the answers." Where the party is an individual, the signature of her counsel will not suffice. *See, e.g., Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *5 (N.D.N.Y. Feb. 24, 2010) (quoting *Roth v. Bank of Commonwealth*, 1988 WL 43963, at *2 (W.D.N.Y. May 4, 1988)) ("Unsigned and unverified answers are not answers . . . and answers which are signed by the party's attorney and not made under oath by the party do not comply with Rule 33."); *see also Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 825482, at *2, n.2 (S.D.N.Y. Mar. 2, 2017) (Moses, M.J.) (corporate defendant failed to comply with Fed. R. Civ. P. 33 where the officer who answered the interrogatories on its behalf did not personally sign them).

Aug. 28 Order, at 1. With regard to document production requests, the Court further reminded the plaintiff that:

> [P]ursuant to Fed. R. Civ. P. 34(b)(2)(B), objections must be stated "with specificity." The "with specificity" language, added by the 2015 amendments to the Federal Rules, means that "[g]eneral objections should rarely be used after December 1, 2015 unless each such objection applies to each document request

EXHIBIT 5
Page 1 of 4

(e.g., objecting to produce privileged material)." *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Moreover, "responses . . . stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing." *Id.* Plaintiff is further reminded that, pursuant to Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."

*Id.* at 2. The Court then gave the plaintiff leave to respond to defendant's August 25 letter-motion on or before September 4, 2018, *id.*, or to serve "amended responses in compliance with the Federal Rules of Civil Procedure." *Id.* The Court held defendant's motion in abeyance "until plaintiff has served any amended discovery responses filed her response to defendant's August 25 letter." *Id.*

Plaintiff did not serve any amended or revised discovery responses. Instead, by letter dated September 4 but filed on September 5, 2018 (Dkt. No. 21), plaintiff's counsel Richard Liebowitz, Esq. asserted that the responses now before this Court "are sufficient and do [not] warrant any motion to compel." Counsel further advised that plaintiff "has produced everything she has in response to Defendants [sic] requests." *Id.* According to defendant, plaintiff's production to date consists of two documents: an article concerning the "Jamaican patty king" and a 2010 contract between plaintiff and the New York Post. There is no indication that plaintiff ever served a privilege log.

Also on September 5, 2018, defendant submitted a reply letter-brief (Dkt. No. 22) attaching various emails between the parties' counsel on August 28, 29, and 30, 2018.[1] In these emails, defendant's counsel called Mr. Leibowitz's attention to the text of this Court's Aug. 28 Order, but Mr. Leibowitz took the position that there was "nothing wrong" with plaintiff's existing discovery responses. (Dkt. 22-1, at ECF page 5.) Mr. Leibowitz then warned defendant's

---

[1] The September 5 letter was erroneously docketed as a "second letter motion to compel."

2

EXHIBIT 5
Page 2 of 4

counsel, "If you do not withdraw your motion, we plan on seeking fees against you and your firm for having to respond." *Id.*

The record is clear. No conference is required. It is hereby ORDERED as follows:

1. Plaintiff's general objections to defendant's document requests, and her specific objections to Requests No. 1-5, are overruled. *See* Fed. R. Civ. P. 34(b)(2)(B), 34(b)(2)(C).

2. Plaintiff shall produce all remaining non-privileged documents responsive to Requests No. 1-5 on or before **September 13, 2018**. To be clear: no responsive documents may be withheld on any of the grounds asserted in the responses. If any documents are withheld on grounds of the attorney-client privilege or the work product doctrine, plaintiff must also serve, by the same date, a privilege log in compliance with Local Civil Rule 26.2. Failure to serve an adequate and timely privilege log will result in waiver of any claimed privilege or immunity.

3. Requests No. 6 and 7 are premature and need not be responded to at this time.

4. Plaintiff shall answer Interrogatories No. 2-4 in full. No. 2 is within the scope of Local Civil Rule 33.3. No. 3 asks for the date on which plaintiff took the photograph at issue in this action. An interrogatory is indeed an "optimal vehicle" to elicit that information. No. 4 asks plaintiff to identify each use of the photograph at issue in this action, including, *inter alia*, the platform on which the photograph appeared and the fee, if any, that plaintiff received. An interrogatory is an efficient and appropriate way to elicit this information as well.

5. Plaintiff shall personally sign her interrogatory answers, under oath. *See* Fed. R. Civ. P. 33(b).

6. The revised interrogatory answers, personally signed by plaintiff Seidman under oath, shall be served on or before **September 13, 2018**.

7. Plaintiff's failure to sign her interrogatory answers, even after this Court expressly reminded her of that obligation in the Aug. 28 Order, was not "substantially justified" as that term is used in Fed. R. Civ. P. 37(a)(5)(A)(ii). Nor do any other circumstances presented here make an award of expenses unjust. Mr. Leibowitz makes no showing that he was unable to secure the signature of his client on her interrogatory answers. To the contrary: after being reminded of the signature requirement by this Court he nonetheless told defendant, and now tells this Court, that plaintiff's previously-served unsigned answers are "sufficient," which is meritless as a matter of law. Therefore, pursuant to Fed. R. Civ. P. 37(a)(5)(A), plaintiff's counsel must pay defendant's reasonable expenses, including attorneys' fees, incurred in making its August 25 letter-application. Defendant may submit one or more declarations or affidavits, substantiating those expenses, on or before **September 20, 2018**. The sanction will be limited to the preparation of the August 25 letter-application and subsequent events related to the same dispute, including the email communications among counsel and defendant's September

3

EXHIBIT 5
Page 3 of 4

5 reply letter-brief. Plaintiff may submit a response, limited to the amount of the sanction to be awarded, no later than **September 27, 2018**.

8. Plaintiff's counsel shall promptly provide a copy of this Order to his client and shall confirm to this Court, in writing, that he has done so.

The Clerk of Court is respectfully requested to close Dkt. Nos. 19 and 22.

Dated: New York, New York
September 6, 2018

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**