Geoffrey C. Chackel, Esq., OSB# 155727
geoff@chackellaw.com
CHACKEL LAW, PC
11440 W. Bernardo Court, Suite 300
San Diego, CA  92127
Tel: 619.567.2454
Fax: 619.452.1212

Attorney for Defendant, Third Party Plaintiff
and Counter-Defendant Combined Communications, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES FORTUNE,<br><br>      Plaintiff,<br><br>v.<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>      Defendant.<br><hr>COMBINED COMMUNICATIONS, INC.<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>TRITON DIGITAL, INC., a Delaware corporation,<br><br>      Third-Party Defendant. | Case No: 6:19-cv-01236-MC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF COUNTER-DEFENDANT COMBINED COMMUNICATIONS, INC., TO COUNTERCLAIM OF TRITON DIGITAL, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

Counter-Defendant COMBINED COMMUNICATIONS, INC. ("CCI" or "Counter-Defendant") hereby answers the Counterclaim of Counter-Claimant TRITON DIGITAL, INC., as follows.

## Parties, Jurisdiction and Venue

1.

With regard to paragraph 1 of the Counterclaim, CCI admits that Counter-Claimant Triton Digital Inc. ("Triton") is a Delaware corporation with its principal place of business in Los Angeles, California.

2.

With regard to paragraph 2 of the Counterclaim, CCI admits these allegations.

3.

With regard to paragraph 3 of the Counterclaim, Defendant admits these allegations.

4.

With regard to paragraph 4 of the Counterclaim, CCI admits these allegations.

## Statement of Facts

5.

With regard to paragraph 5 of the Counterclaim, CCI admits it executed the Webwise Station Affiliation Agreement ("Agreement") and admits it required Triton to provide services in exchange for consideration.

6.

With regard to paragraph 6 of the Counterclaim, CCI admits that Triton provided services to CCI but denies any allegation or implication that Triton has complied with all terms of the Agreement or has not otherwise breached the Agreement.

7.

With regard to paragraph 7 of the Counterclaim, CCI admits the Agreement contains a paragraph 18 but to the extent the allegations of Paragraph 7 seek to paraphrase or characterize the contents of that written document, the document speaks for itself and CCI denies the

allegation to the extent that it is inconsistent with that document and further denies the allegation or implication that paragraph 18 is valid or enforceable.

8.

With regard to paragraph 8 of the Counterclaim, CCI admits it filed a Third-Party Complaint in this District but denies this was a violation of the Agreement.

9.

With regard to paragraph 9 of the Counterclaim, CCI denies these allegations.

## **FIRST COUNTERCLAIM**

**(Breach of Contract)**

10.

Defendant re-alleges and incorporates by reference paragraphs 1 through 9 of the Answer as if fully set forth herein. With regard to those portions of the Counterclaim setting forth legal conclusions, no response is required and to the extent Triton implies that CCI violated any law, contract or statute, those allegations are denied.

11.

With regard to paragraph 11 of the Counterclaim, CCI admits it executed a written contract with Triton.

12.

With regard to paragraph 12 of the Counterclaim, CCI admits that Triton did provide services to CCI and admits that CCI provided services to Triton, but CCI denies any allegation or implication that Triton has complied with all terms of the Agreement or has not otherwise breached the Agreement.

13.

With regard to paragraph 13 of the Counterclaim, CCI denies these allegations.

14.

With regard to paragraph 14 of the Counterclaim, CCI denies these allegations.

15.

With regard to paragraph 15 of the Counterclaim, CCI denies these allegations.

**PRAYER FOR RELIEF**

To the extent a response is required, CCI denies that Triton is entitled to any relief or recovery of any kind for any reason.

**AFFIRMATIVE DEFENSES**

1.

**First Affirmative Defense**

(Failure to State a Claim)

As a first and separate affirmative defense, CCI alleges the Counterclaim fails to state a cause of action upon which relief can be granted.

2.

**Second Affirmative Defense**

(No Damage)

As a second and separate affirmative defense, CCI alleges Triton has not sustained any damage by reason of any act or omission on the part of CCI and that Triton's alleged damages are speculative, indefinite or de minimis.

3.

**Third Affirmative Defense**

(Unclean Hands)

As a third and separate affirmative defense, CCI alleges that Triton's claims are barred by its unclean hands.

4.

**Fourth Affirmative Defense**

(Damages Not Caused By Plaintiff)

As a fourth and separate affirmative defense, CCI alleges that Triton's damages, if any, were not a result of or caused by any acts or omissions of CCI, and therefore, Triton is barred

from asserting any cause of action against CCI.

5.

**Fifth Affirmative Defense**

(Waiver)

As a fifth and separate affirmative defense, CCI alleges Triton's Counterclaim is barred by the doctrine of waiver.

6.

**Sixth Affirmative Defense**

(Failure to Mitigate Damages)

As a sixth and separate affirmative defense, CCI alleges that some or all of the damages asserted in the Counterclaim are barred to the extent that Triton has failed to mitigate its damages.

7.

**Seventh Affirmative Defense**

(Offset)

As a seventh and separate affirmative defense, CCI alleges that Triton's claimed damages (if any exist) are subject to offset for amounts that Triton owes to CCI for Triton's breach of contract and that such amounts owed to CCI do, in fact, exceed Triton's alleged damages.

8.

**Eighth Affirmative Defense**

(Public Policy / Public Interest)

As an eighth and separate affirmative defense, CCI alleges Triton's Counterclaim is barred based upon overriding public policy and public interest factors including but not limited to the policy factors of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C. §1400(a) and 28 U.S.C. §1404.

///

///

9.

**Ninth Affirmative Defense**

(Ratification)

As a ninth and separate affirmative defense, CCI alleges Triton's Counterclaim is barred under the doctrine of ratification.

10.

**Tenth Affirmative Defense**

(Proportion of Fault)

As a tenth and separate affirmative defense, CCI alleges that the damages allegedly suffered by Triton, if any, are the direct and proximate result of the acts or omissions of its own unlawful conduct and the liability of CCI, if any, is limited in direct proportion to the percentage of fault actually attributed to it.

11.

**Eleventh Affirmative Defense**

(Discharge of Obligations)

As an eleventh and separate affirmative defense, CCI alleges it has performed and fully discharged any and all obligations and legal duties to Triton pertinent to the matters alleged in the Counterclaim.

12.

**Twelfth Affirmative Defense**

(Excuse)

As a twelfth and separate affirmative defense, CCI alleges it is excused from performing its obligations at issue in the Counterclaim due to the conduct of Counterclaimant Triton.

13.

**Thirteenth Affirmative Defense**

(Estoppel)

As a thirteenth and separate affirmative defense, CCI alleges that Triton's Counterclaim

is barred based upon the doctrine of estoppel.

14.

**Fourteenth Affirmative Defense**

(Res Judicata / Collateral Estoppel)

As a fourteenth and separate affirmative defense, CCI alleges that Triton's Counterclaim is barred based upon res judicata and / or collateral estoppel.

15.

**Fifteenth Affirmative Defense**

(Contract Provision Not Enforceable)

As a fifteenth and separate affirmative defense, CCI alleges that Triton's Counterclaim is barred because enforcement of the contractual provision at issue would be unreasonable, unjust, was the product of overreaching and is unconscionable.

16.

**Sixteenth Affirmative Defense**

(Consent)

As a sixteenth and separate affirmative defense, CCI alleges that Triton's Counterclaim is barred in whole or in part because it gave its consent to CCI with regard to the issues raised in the Counterclaim and/or waived its rights thereunder.

17.

**Seventeenth Affirmative Defense**

(Breach of Contract)

As a seventeenth and separate affirmative defense, CCI alleges Triton's Counterclaim and its claim for damages are barred based upon its own breach of contract and refusal to honor its obligations thereunder.

///
///
///

18.

## Eighteenth Affirmative Defense

(Reservation of Rights)

As an eighteenth and separate affirmative defense, CCI has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. CCI therefore reserves its rights to assert additional affirmative defenses in the event that discovery indicates that they may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, CCI demands the following:

1. That Triton take nothing by virtue of the Counterclaim and that the Counterclaim be dismissed in its entirety with prejudice.

2. That CCI recover its costs of suit incurred herein as well as its attorneys' fees to the extent permitted by contract or law; and

4. That CCI be awarded such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

CCI hereby demands a jury trial.

Dated: March 9, 2020                CHACKEL LAW, PC


 s/ Geoffrey C. Chackel, Esq.
GEOFFREY C. CHACKEL, Esq.
Attorney for Counter-Defendant Combined
Communications, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Oregon, via the CM/ECF system. Participants in this case who are registered CM/ECF users will served by the CM/ECF system.

Dated March 9, 2020.

CHACKEL LAW, PC

 s/ Geoffrey C. Chackel
Geoffrey C. Chackel, Esq., OSB# 155727
Attorney for Counter-Defendant Combined Communications, Inc.