Christopher S. Marks, Oregon State Bar No. 022052
cmarks@tktrial.com
TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
Telephone:  (206) 889-5150

Attorneys for Envisionwise LLC

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JAMES FORTUNE,<br><br>       Plaintiff,<br><br>v.<br><br>COMBINED COMMUNICATIONS, INC.,<br><br>       Defendant. | Case No. 6:19-cv-01236-MC<br><br>ENVISIONWISE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO TRITON'S DIGITAL, INC.'S THIRD-PARTY COMPLAINT; AND DEMAND FOR JURY TRIAL |
| COMBINED COMMUNICATIONS, INC.,<br><br>       Third-Party Plaintiff,<br><br>v.<br><br>TRITON DIGITAL, INC.,<br><br>       Third-Party Defendant. | |
| TRITON DIGITAL, INC.,<br><br>       Third-Party Plaintiff,<br><br>v.<br><br>ENVISIONWISE LLC, an Illinois limited liability company,<br><br>       Third-Party Defendant. | |

Defendant Envisionwise LLC ("Envisionwise"), by and through its undersigned counsel, hereby responds to the Third Party Complaint (ECF No. 37) filed by Third-Party Plaintiff Triton Digital, Inc. ("Triton"), with Affirmative Defenses, as follows:

## I. PARTIES

1. Answering Paragraph 1, Envisionwise is without knowledge and therefore denies the same.

2. Answering Paragraph 2, Envisionwise admits that it is an Illinois limited liability company with its principal place of business in Westville, Illinois.

## II. JURISDICTION AND VENUE

3. Answering Paragraph 3, Envisionwise denies the allegations set forth therein.

4. Answering Paragraph, 4, Envisionwise denies the allegations set forth therein.

## III. FACTS

5. Answering Paragraph 5, Envisionwise is without knowledge and therefore denies the same.

6. Answering Paragraph 6, Envisionwise is without knowledge and therefore denies the same.

7. Answering Paragraph 7, Envisionwise admits Exhibit 1 to Triton's Third-Party Complaint is a true and correct copy of a May 3, 2011, agreement between Triton and Envisionwise. Envisionwise denies, however, that this agreement (Exhibit 1 to Triton's Third-Party Complaint) was operative at the time of the events that form the basis of James Fortune's Complaint (ECF 1). Envisionwise further denies that it was providing any services to Triton Digital at the time of the events identified in ECF 1 given the terms of that agreement and given

ENVISIONWISE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO                    Page 2
TRITON'S THIRD-PARTY COMPLAINT

the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

8. Answering Paragraph 8, Envisionwise admits that the May 3, 2011, agreement between Envisionwise and Triton contains a provision (A)(iii) under the heading "Representations and Warranties," and the terms of that provision are accurately set forth on page 4 of 6 of the Exhibit 1 to Triton's Third-Party Complaint. Envisionwise did not have and does not have contractual responsibility for content under the "Representations and Warranties" section of the May 3, 2011, agreement between Envisionwise and Triton. Envisionwise denies, however, that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

9. Answering Paragraph 9, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

10. Answering Paragraph 10, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

11. Answering Paragraph 11, Envisionwise is without knowledge and therefore denies the same.

12. Answering Paragraph 12, Envisionwise is without knowledge and therefore denies the same.

13. Answering Paragraph 13, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

14. Answering Paragraph 14, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. As a result, Triton did not issue a valid demand. Envisionwise denies the remaining allegations set forth therein.

## IV. **FIRST CLAIM FOR RELIEF**

### (Contractual Indemnification)

Third-Party Defendant Envisionwise realleges and incorporates by reference herein responses to paragraphs 1 through 14 above as if fully set forth herein.

15. Answering Paragraph 15, Envisionwise realleges and incorporates by reference herein responses to paragraphs 1 through 14 above, including all denials, as if fully set forth herein.

16.     Answering Paragraph 16, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

17.     Answering Paragraph 17, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

18.     Answering Paragraph 18, Envisionwise is without knowledge and therefore denies the same. Envisionwise denies the remaining allegations set forth therein.

19.     Answering Paragraph 19, Envisionwise is without knowledge and therefore denies the same. Envisionwise denies the remaining allegations set forth therein.

20.     Answering Paragraph 20, Envisionwise is without knowledge as to the statement in the first sentence "Triton did not post the content at issue," and therefore denies the same. Envisionwise further denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies the remaining allegations set forth therein.

21.     Answering Paragraph 21, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of

the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise denies that it was responsible for content under the Representations and Warranties under the agreement. As a result, Triton did not issue a valid demand. Envisionwise denies the remaining allegations set forth therein.

22. Answering Paragraph 22, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise therefore denies the remaining allegations set forth therein.

## V. SECOND CLAIM FOR RELIEF

### (Breach of Contract)

### (By Triton Against Third-Party Defendant Envisionwise)

Third-Party Defendant Envisionwise realleges and incorporates by reference herein responses to paragraphs 1 through 22 above as if fully set forth herein.

23. Answering Paragraph 23, Third-Party Defendant Envisionwise realleges and incorporates by reference herein responses to paragraphs 1 through 22 above, including all denials, as if fully set forth herein.

24. Answering Paragraph 24, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise therefore denies the remaining allegations set forth therein.

25. Answering Paragraph 25, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise therefore denies the remaining allegations set forth therein.

26. Answering Paragraph 26, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise therefore denies the remaining allegations set forth therein.

27. Answering Paragraph 27, Envisionwise is without knowledge as to the allegations set forth in the first two sentences of Paragraph 27. Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. Envisionwise therefore denies the remaining allegations set forth therein.

28. Answering Paragraph 28, Envisionwise denies that it was providing any services to Triton pursuant to the May 3, 2011, agreement between Envisionwise and Triton at the time of the events identified in ECF 1, given the terms of that agreement and given the Settlement Agreement and General Release dated August 2, 2016, between Envisionwise and Triton. As a result, Triton did not issue a valid demand to indemnify. Envisionwise denies the remaining allegations set forth therein.

29. Envisionwise denies that Triton is entitled to any of the requests for relief set forth in the "Prayer for Relief" on page 8 of Triton's Third-Party Complaint and therefore requests that the Court deny all of Triton's requests for relief, including but not limited to the requests listed 1, 2, 3, and 4.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Lack of Personal Jurisdiction)

1. This Court does not have personal jurisdiction over Envisionwise.

### Second Affirmative Defense

(Lack of Subject Matter Jurisdiction)

2. This Court does not have subject matter jurisdiction.

### Third Affirmative Defense

(Improper Venue)

3. Envisionwise disputes that venue is proper in this District.

### Fourth Affirmative Defense

(Failure to State a Claim)

4. Triton has failed to state a claim against Envisionwise upon which relief may be granted and therefore should be dismissed.

### Fifth Affirmative Defense

(No Contract)

5. The Agreement between Envisionwise and Triton dated May 3, 2011, (Exhibit 1 to Triton's Third-Party Complaint) was not in effect pursuant to the terms of that agreement at

the time the allegations set for in James Fortune's Complaint (ECF 1). That agreement was cancelled by the August 2, 2016, Settlement Agreement and General Release, signed by Triton.

### Sixth Affirmative Defense

### (Breach of Agreement)

6. If the agreement between Envisionwise and Triton dated May 3, 2011, (Exhibit 1 to Triton's Third-Party Complaint) is found to apply, Triton's claims are barred because Triton breached the agreement.

### Seventh Affirmative Agreement

### (Claims are Barred)

7. Triton's claims against Envisionwise are barred by Contract (the Settlement Agreement and General Release between Triton and Envisionwise dated August 2, 2016) and/or by estoppel.

### Eighth Affirmative Defense

### (Release and/or Compromise)

8. Triton's claims against Envisionwise are barred by release and/or compromise as set forth in the Settlement Agreement and General Release between Triton and Envisionwise dated August 2, 2016.

### Ninth Affirmative Defense

### (Further Breach of Agreement)

9. By filing a Third-Party Complaint against Envisionwise in Oregon District Court, Triton has breached its obligations under the Settlement Agreement and General Release between Triton and Envisionwise dated August 2, 2016.

### Tenth Affirmative Defense

(Laches, Waiver, and/or Estoppel)

10. Triton's claims are barred by laches, other waiver, and/or estoppel.

### Eleventh Affirmative Defense

(No Proximate Cause)

11. There is no proximate cause between any allegation raised by James Fortune in his Complaint (ECF 1) and Envisionwise.

### Twelfth Affirmative Defense

(Failure to Mitigate)

12. Triton's claims against Envisionwise are barred, in whole or in part, because Triton failed to mitigate its damages (if any).

### Thirteenth Affirmative Defense

(Contributory Fault)

13. Triton's damages (if any) were caused or contributed to by Triton's own actions, inactions, or negligence. Thus, Triton's claims against Envisionwise are barred or, alternatively, any recovery due to Triton must be reduced in proportion to Triton's fault.

### Fourteenth Affirmative Defense

(Fault of Others)

14. Triton's damages (if any) were caused, in whole or in part, by the actions or omissions of other persons or entities over which Envisionwise has no control and for which Envisionwise is not liable. Any alleged infringing activity was committed solely by one or more unnamed third parties without Envisionwise's knowledge or consent, and such third parties will be required to answer and indemnify in this matter. In the event Envisionwise is liable for any

damages to Triton, which Envisionwise denies, any recovery against Envisionwise must be reduced and limited by the comparative fault of such persons or entities.

### Fifteenth Affirmative Defense

(Failure to Join Indispensable Parties)

15. Triton's claims are barred because it failed to join indispensable parties.

### Sixteenth Affirmative Defense

(Statute of Limitations and/or Laches)

16. Some or all of Triton's claims against Envisionwise are barred by the applicable statute of limitations and/or the doctrine of laches.

### Seventeenth Affirmative Defense

(Foreign Law)

17. The allegations and/or defenses may be subject to the laws of Texas and/or California.

### Eighteenth Affirmative Defense

(Indemnification)

18. Envisionwise is entitled to indemnification pursuant to the agreement between Envisionwise and Triton dated May 3, 2011 (Exhibit 1 to Triton's Third-Party Complaint), if the agreement is determined to be in effect.

### Nineteenth Affirmative Defense

(Breach of Separate Agreement)

19. Any claim by Triton against Envisionwise fails because it should have been made pursuant to the August 2, 2016, agreement between Triton and Envisionwise and filed in Dallas

County, Texas and/or Los Angles County, California pursuant to the terms of the August 2, 2016, agreement between Triton and Envisionwise.

### Twentieth Affirmative Defense

(Settlement and/or Accord and Satisfaction)

20. Triton's claims are barred by a prior settlement dated August 2, 2016, and/or by the doctrine of accord and satisfaction.

### Twenty-First Affirmative Defense

(Safe Harbor under 17 U.S.C. § 512)

21. Plaintiff's claims are barred from copyright infringement liability under the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### Twenty-Second Affirmative Defense

(Failure to Register)

22. Plaintiff has failed to register the copyrights in one or more of the products set forth in Plaintiff's Complaint and thus is not permitted to file suit or maintain an action.

### Twenty-Third Affirmative Defense

(Statute of Limitations under Copyright Act)

23. Any alleged infringement claimed by the Plaintiff is barred by the statute of limitations set forth in Section 507 of the Copyright Act, 17 U.S.C. § 507.

### Twenty-Fourth Affirmative Defense

(Innocent, Non-Infringing, Not Willful)

24. Any alleged conduct by Envisionwise was innocent, non-fringing, and not a willful infringement of copyright.

## Twenty-Fifth Affirmative Defense

(Fair Use)

25. Any claims by Plaintiff, Combined Communications, Inc., or Triton are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107.

## Twenty-Sixth Affirmative Defense

(License)

26. Once the actual content that forms the basis of the alleged infringement is confirmed, it may be that Envisionwise and/or others had one or more license(s) to the content at issue.

## Twenty-Seventh Affirmative Defense

(Inability to Establish Source)

27. Plaintiff, Combined Communications, Inc. and/or Triton cannot establish the source of the content that forms the basis of the alleged infringement.

## Twenty-Eighth Affirmative Defense

(No Contractual Responsibility for Content)

28. The Station Affiliation Agreement dated March 11, 2010, between Triton and KBND-AM makes KBND-AM responsible for obtaining all necessary rights for its use of content used on its web pages. Envisionwise did not have and does not have contractual responsibility for content under the "Representations and Warranties" section of the May 3, 2011, agreement between Envisionwise and Triton.

### Twenty-Ninth Affirmative Defense

(Reservation for Other Defenses)

29. Envisionwise reserves its right to assert additional affirmative defenses in the event discovery indicates such defenses are proper.

### REQUEST FOR RELIEF

WHEREFORE, Third-Party Defendant Envisionwise prays for relief as follows:

1. That Triton's Third-Party Complaint against Envisionwise be dismissed with prejudice and in its entirety;

2. That Triton take nothing by this action and its claims against Envisionwise and that Envisionwise have judgment entered in its favor;

3. That Envisionwise be awarded its attorneys' fees and costs of this suit to the fullest extent allowed by law and, if found applicable, by contract.

4. For such other and further relief as the Court deems just and proper. ·


DATED this 27th day of April, 2020.   TANENBAUM KEALE, LLP


By:s/Christopher S. Marks
Christopher S. Marks, OR State Bar No. 022052

One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150
Email:   cmarks@tktrial.com
            seattle.service@tktrial.com

Attorneys for Envisionwise LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

**Michael O. Stevens**
Stevens & Legal
1915 NE Stucki Avenue
Suite 308
97006
Hillsboro, OR 97006
971-533-6178
Fax: 971-228-2608
Email: michael@hillsborofirm.com
*Attorney for Plaintiff*

**Rebecca R. Liebowitz (pro hac vice)**
Liebowitz Law Firm, PLLC
11 Sunrise Plaza
Suite 305
Valley Stream, NY 11580
516-233-1660
Fax: 516-612-2740
Email: rebecca@liebowitzlawfirm.com
*Attorney for Plaintiff*

**Geoffrey C. Chackel**
Chackel Law, P.C.
11440 W Bernardo Court
Suite 300
San Diego, CA 92127
619 567 2454
Fax: 619 452 1212
Email: geoff@chackellaw.com
*Attorney for Combined Communications, Inc.*

**Darlene F. Ghavimi-Alagha (pro hac vice)**
**Stewart Mesher (pro hac vice)**
K&L Gates LLP
2801 Via Fortuna
Suite 350
Austin, TX 78746
512-482-6842
Fax: 512-482-6859
Email: Darlene.Ghavimi@klgates.com
Stewart.Mesher@klgates.com
*Attorneys for Triton Digital, Inc.*

**Stephanie E.L. McCleery**
K&L Gates LLP
One SW Columbia Street
Suite 1900
Portland, OR 97204
503-228-3200
Fax: 503-248-9085
Email: stephanie.mccleery@klgates.com
*Attorneys for Triton Digital, Inc.*

Signed at Seattle, Washington this 27th day of April, 2020.

                                                  s/Maria S. Tiegen
Maria Tiegen
TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
Telephone:  (206) 889-5150
Facsimile:  (206) 889-5079
Email:   mtiegen@tktrial.com